## VANDEVIER v. FETTA.

THE DECISION OF THE COURT OF APPEALS IN THIS CASE APPROVED.

The doctrines and conclusions announced by the court of appeals in this case (3 Colo. App. 419) are approved.   It was there held, in substance, that:

When an administrator asserts a claim which in anywise tends to diminish the estate, he should procure the appointment of a representative of his trust.

The power of a court of equity to hold as a mortgage an instrument which is in form an absolute deed, is well settled.

The rule is inflexible that in order to take a case out of the statute of frauds, it is essential that the contract be established by clear, definite and conclusive proofs.

Generally, a party to an action is incompetent to testify of his own motion, or in his own behalf, when any person appears and defends as heir of a deceased person.

In a suit where a minor is concerned, nothing can be admitted against his interest.   His representative should insist that no step be taken which may be in any manner legitimately the subject of objection.

Where the guardian hesitates or fails in the performance of his duty, the court will defend the minor's rights.

A creditor of an estate who has intervened in an action by the administrator against the heir, and who is interested in the success of the latter, has a right to object to testimony by the plaintiff in his own behalf.

*Appeal from the Court of Appeals.*

Messrs. SULLIVAN & MAY, for appellant.

Messrs. MARKHAM & CARR and Mr. G. M. ALLEN, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

This case comes before us on an appeal from a judgment of the court of appeals. In the opinion delivered by President Judge Bissell of that court, and found at page 420, 3 Colo. App., the facts are fully stated, and the questions presented therein are discussed in his usual luminous and forcible manner, and the conclusion reached is in accord with well established and beneficent equitable principles.

We agree with the intimation of the learned judge that it is, at least, not free from doubt whether the appellate court ought not, *sua sponte*, to exclude the testimony of Vandevier from the consideration of the case, notwithstanding the failure of the guardian *ad litem* and the court below to protect the minor's rights by objecting to or excluding testimony so manifestly incompetent. But, however that may be, we are clearly of the opinion that the admission of his testimony over the objection of the intervenor constitutes an error that must reverse the judgment of the court below. The judgment of the court of appeals is therefore affirmed.

*Affirmed.*