[No. 3779.]

THE PEOPLE OF THE STATE OF COLORADO EX REL. BAXTER v. THE COURT OF APPEALS.

JURISDICTION.
This court cannot under the guise of its supervisory power over subordinate courts review a judgment of the court of appeals given in a case regularly before it, on the ground that it erred in its estimation of the weight of the evidence.

*Original Proceeding.*

*Application for a writ of Certiorari.*

Mr. JOHN C. FITNAM, for petitioner.

Mr. JUSTICE GODDARD delivered the opinion of the court.

This is an original proceeding instituted for the purpose of removing from the court of appeals into this court the record in case No. 1,105, entitled, Joseph N. Baxter v. William Deutsch. The application is based upon the ground that the court of appeals exceeded, or abused, its jurisdiction in reversing the judgment of the trial court. The facts alleged in support of this claim are, in brief, as follows :

The suit was originally commenced in the district court of Arapahoe county by petitioner Baxter as assignee of Braun and Bochow, to recover certain commissions alleged to be due them as agents of Deutsch, in negotiating a sale of certain real property to Oscar Reuter, such commission to be one half of all forfeited payments. It appears that Reuter paid Deutsch $1,000, to be forfeited in case he did not com-

plete the purchase. The purchase was not completed, although it further appears that Reuter tendered the balance of the contract price, which being refused, he brought suit for specific performance. Pending that litigation the $1,000 was refunded to Reuter, and thereupon the suit was dismissed. The amount sought to be recovered in the present action was the one half of the $1,000 upon the ground that the same had been forfeited.

The defenses interposed were that Braun and Bochow were acting in a double capacity, being at the same time agents for Reuter ; and further, that the $1,000 had not been forfeited. The trial court, having determined these issues in favor of plaintiff upon conflicting testimony, it is claimed that the court of appeals was precluded from disturbing such finding by the well settled rule, so frequently announced by this court, and also by the court of appeals, to the effect that an appellate court will not, upon review, disturb the conclusion of the trial court upon the facts, when based on conflicting evidence, unless it be manifestly against the weight of evidence ; and that in reversing the conclusion of the trial court upon these issues, the court of appeals exceeded its jurisdiction.

This claim we think is wholly untenable, notwithstanding the rule is as stated, it is always the province of a court of review, when the question is properly presented, to review the evidence and determine whether the trial court, or a jury, have misconceived its force and effect ; and if, in the exercise of its prerogative in this respect, the court of appeals was mistaken in estimating the weight of testimony, it amounted at most to an error of judgment, and not an unwarranted exercise of jurisdiction. It had exclusive jurisdiction of the appeal, and the power to review and revise the judgment of the court below ; and if satisfied from an examination of the record that an error in weighing the facts or applying the law had been committed, to reverse and remand the cause for a new trial.

We cannot for a moment admit, that if in the performance

of its duty it should commit an error in respect to the matter now complained of, that this court would have any right to interfere, under the guise of its supervisory power over subordinate judicial tribunals.

We have so far spoken of this proceeding, assuming it to be true, as claimed by petitioner, that the court of appeals did disregard the rule relied on in reversing the judgment of the district court, but an examination of the opinion of that court — *Deutsch* v. *Baxter*, 47 Pac. Rep. 405 ; 9 Colo. Ct. App. 58, satisfies us that no ground for complaint in this regard exists.

The writ will therefore be denied, and proceeding dismissed.

*Denied.*