[No. 4234.]

THE PEOPLE EX REL. BREEN ET AL. v. THE DISTRICT COURT OF LAKE COUNTY ET AL.

JURISDICTION—INJUNCTION—PROHIBITION.

Where one of the cotenants in a group of mining claims and in a tunnel run for the purpose of working said group brought an action in the district court against her cotenants, alleging that defendants own an adjoining group of claims and that they had extended the tunnel into the latter group and were using it for the purpose of working said latter group and had excluded plaintiff from the tunnel and

prevented her from working the first named group and prayed for a writ of injunction enjoining defendants from using the tunnel to work the last named group of mines and from excluding her from the use of the tunnel for the working of the first named group, the district court had jurisdiction and the complaint stated facts sufficient to justify an injunction, and the supreme court will not interfere with the action of the district court by a writ of prohibition.

*Original Proceeding for Writ of Prohibition.*

*On Petition for Rehearing.*

Messrs. PATTERSON, RICHARDSON & HAWKINS, for petitioners.

Mr. JOHN A. EWING, for respondents.

PER CURIAM. The application in this case was disposed of without filing an opinion. Upon petition for rehearing, we have concluded to briefly state our reasons for denying the writ.

In the district court of Lake county, presided over by the Honorable Frank W. Owers, one Mary Marshall brought an action against petitioners, from which it appears that she and the latter are the joint owners of a group of mining claims known as the Col. Sellers; that petitioners own an adjoining group, known as the Silver Wave; that a tunnel has been run through the Col. Sellers group for the purpose of working those properties, which petitioners have extended into the Silver Wave and are now using for the purpose of working the latter group. It was also averred in the complaint that petitioners had excluded plaintiff from the tunnel and prevented her from working the Col. Sellers group through this opening; and particularly that the use of such tunnel to work the Silver Wave group resulted in such exclusion; that by reason of these acts she has been damaged, and has no plain, speedy or adequate remedy at law, and therefore prays for a writ of injunction enjoining the petitioners from transporting ore or material of any kind from

the Silver Wave group through the Col. Sellers tunnel; and also enjoining them from excluding her from the use of such tunnel, for the working of the Sellers group.   To this complaint petitioners filed a demurrer, which was overruled, and thereupon a writ of injunction issued, as prayed.   Petitioners then commenced this proceeding here for a writ of prohibition.   The several reasons assigned by their counsel why the writ should be issued may be stated as follows : That the district court had no jurisdiction of the subject-matter of the action; and that if it did, it exceeded its jurisdiction by granting the writ of injunction in a case in which no injunctive relief could be had.

In support of this contention it is urged that the action in the district court is in fact one in ejectment, and that the plaintiff in that action had no right to an injunction of the character issued pending the trial of the question of her ouster by the petitioners.   This position is wholly untenable. It is conceded that she owns an interest in the Col. Sellers group, in connection with petitioners; that they have excluded her from the use of the tunnel, which has been run for the benefit of these properties.   There is no question of title involved.   There is no denial of their exclusive possession of the tunnel in question, as against the plaintiff in the original action.   They are using it exclusively to work properties in which she has no interest.   The sole question is: Do the admitted facts entitle the plaintiff to the relief granted by the interlocutory writ of injunction ?

We do not know upon what theory petitioners can assume to use the tunnel for the purpose of working the Silver Wave group, even if, by so doing, they did not exclude the plaintiff from the use of such tunnel.   No authority is cited in support of the application, holding that one cotenant may use a common property for the benefit of another in which his cotenants have no interest whatever.   We do not understand that counsel for petitioners claim that they can use the tunnel for this purpose as a matter of right.   Conceding, as they do by the demurrer filed to the complaint, that they have ousted plain-

tiff from the use of the tunnel and prevented her from working the property as she would have a right to do by virtue of her ownership of an interest in the Col. Sellers group, petitioners certainly admit that they have invaded her rights. That she is entitled to damages cannot be successfully disputed. A recovery of damages for these acts, in an action at law, would not place her in possession ; neither would it prevent petitioners from continuing to exclude her from possession, or from using the tunnel in the manner charged. So that an action at law is not only inadequate, but on the facts admitted, would necessitate a multiplicity of suits. In such cases a court of equity clearly has the authority to settle disputes of this character by injunction ; and in this instance, the relief granted by the writ issued is that to which plaintiff is entitled on the established facts. If the title of plaintiff was in dispute, or her ouster by petitioners controverted, a different question might be presented ; but on the facts as charged and admitted, we are of the opinion that the court had jurisdiction, as well as authority, to issue the writ complained of.

*Petition for rehearing denied.*