[No. 4949.]

## LAESCH v. MORTON.

1. **Statute of Frauds—Easements—Oral Agreement—Sufficiency of Proof.**

An oral agreement for a perpetual right of way over the premises of another constitutes an easement or interest in land and is within the statute of frauds, and to take it out of the statute it must be supported by clear, definite and conclusive proof.—P. 173.

2. **Mines and Mining—Right of Way Through Tunnel—Oral Agreement—Statute of Frauds—Sufficiency of Proof.**

Plaintiff owned an undivided one-half interest in a mining claim on which was a tunnel. Defendant acquired the other half interest and continued the tunnel on through the claim into another claim owned by him; and thereafter worked the latter mine and conveyed the output through the tunnel, basing his right to such use on his undivided interest therein, but later in his amended answer placing it upon an oral agreement with plaintiff. The proof of such agreement consisted of a conversation testified to by the representative and agent of defendant, which was indefinite as to the terms of the agreement, and was positively denied by plaintiff. Held, that such evidence is insufficient to establish the agreement by clear, definite and

conclusive proof, as required by the well settled rule in such cases.—P. 173.

3.  Mines and Mining—Tenancy in Common—Rights of Cotenants —Operation of Mine.

An owner of an undivided interest in a mining claim has no right to use the tunnel on such claim to convey ore from an outside claim.—P. 174.

4.  Appellate Practice—Findings of the Trial Court—Conclusiveness.

While the appellate court is precluded from disturbing the findings of the trial court unless clearly against the weight of the testimony, still, when there is a sufficient lack of the character and degree of proof required, the judgment will be reversed. —P. 174.

*Appeal from the District Court of Clear Creek County.*

*Hon. A. H. De France, Judge.*

Action by Margaret Laesch against Jay Morton. From a judgment of dismissal, plaintiff appeals.

*Reversed and remanded.*

Messrs. MORRISON & DE SOTO and Mr. ARTHUR R. MORRISON, for appellant.

Mr. A. D. BULLIS, for appellee.

The appellant, plaintiff below, is, and was at the times hereinafter mentioned, an owner of an undivided one-half interest in the Elida lode mining claim. In the month of August, 1900, the appellee, defendant below, acquired the other one-half interest. At the time of his purchase, there was a tunnel driven on the claim 324 feet, called the Elida tunnel. Between August 27, 1900, and February, 1903, the defendant continued this tunnel through the Elida claim and to another property owned by him, known as the Joe Reynolds mine. The appellee was, at the time this action was commenced, and had been since

the tunnel reached the Joe Reynolds property, continuously working that property, and conveying its output through the Elida tunnel. This action was brought to obtain an accounting, and compensation for the use of the tunnel, and for an injunction against its further use for the Joe Reynolds, or other mines in which appellant has no interest.

The defendant, in his amended answer, bases his right to use the tunnel upon an oral agreement with the plaintiff. The plaintiff denies that she ever made an agreement, and pleads the statute of frauds. From a judgment dismissing the action, plaintiff brings the case here for review.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The law applicable to this case is well settled, and the only question for our consideration is, whether the evidence of the defendant, when given its full weight and purport, is sufficient to sustain the judgment. The perpetual right of way, which the defendant claims he acquired from plaintiff, constitutes an easement or interest in land. The oral agreement upon which he relies is within the statute of frauds, and under the well settled rule, in order to take such agreement out of the statute of frauds, it is incumbent upon him to support the same by clear, definite and conclusive proof.—*Fetta v. Vandevier*, 3 Colo. App. 419, affirmed in: *Vandevier v. Fetta*, 20 Colo. 368; *Whitsett v. Kershow*, 4 Colo. 419.

The evidence on the part of the defendant does not, in our opinion, meet the requirements of this rule. It consists of a conversation testified to by the representative and agent of defendant. This conversation is, in itself, general and indefinite as to the terms of the agreement, and is positively denied by

the plaintiff. Nor does it satisfactorily appear that the defendant acted upon the alleged agreement in running the tunnel, but rather upon his supposed right to use it to transport the output from the Joe Reynolds mine by virtue of his undivided interest therein. He was so advised by counsel, and, in answer to plaintiff's demand for compensation, defendant's attorneys did not claim the right to the use of the tunnel by virtue of any agreement, but gave as the reason why she was not entitled to compensation for such use "that the parties were tenants in common in the tunnel." That they were mistaken in assuming that defendant's relationship to the property gave him the right to use the common tunnel to convey ore from an outside claim, is settled in *People ex rel. v. District Court,* 27 Colo. 465. Yet defendant twice asserted such right, and did not claim the right to use the tunnel by virtue of an agreement with plaintiff until it appeared in his amended answer.

It must be assumed that the court below, by rendering judgment for defendant, found the issue as to the agreement in his favor, and while, under the doctrine frequently announced in this court, we are precluded from disturbing such finding unless clearly against the weight of the testimony, we feel compelled to reverse the judgment, not alone because of the conflict in the testimony, but because of the lack of the character and degree of proof required in such cases.

Judgment reversed, and cause remanded.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.