## McNEIL v. McNEIL et al.

(Circuit Court of Appeals, Ninth Circuit. May 31, 1909.)

No. 1,433.

1. ABATEMENT AND REVIVAL (§ 71*)—DEATH OF DEFENDANT—REVIVOR AGAINST ADMINISTRATOR.

Rev. St. § 955 (U. S. Comp. St. 1901, p. 697), provides that the executor or administrator of a deceased party, if the cause of action survives, may prosecute or defend to final judgment, and if the executor or administrator neglects or refuses, after being served with scire facias, for 20 days to become a party, the court may render judgment as if he were a party. After the sustaining of a demurrer to a bill to set aside a divorce decree, with leave to amend, complainant elected to stand by her bill, after which defendant died. Held, that it was improper, without revivor, for the court, on suggestion of defendant's alleged surviving wife, who had not previously been a party to the proceeding, to render judgment of dismissal nunc pro tunc as of the day following the expiration of the time allowed complainant to amend, and, complainant's prayer for appeal having been allowed, to direct service of citation on defendant's administrator and such alleged surviving wife.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 71.*]

2. ESTOPPEL (§ 68*)—PARTIES—VOLUNTARY APPEARANCE.

Where dismissal of a suit to set aside a divorce decree was rendered at the request of the defendant's alleged surviving wife, she was estopped to deny that she was a party.

[Ed. Note.—For other cases, see Estoppel, Dec. Dig. § 68.*]

3. APPEAL AND ERROR (§ 4*)—IRREGULARITIES REVIEWABLE—MODE OF REVIEW.

Irregularity in treating the alleged surviving wife of the defendant in a suit to set aside a divorce decree as a quasi party could be corrected only on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 4.*]

4. ABATEMENT AND REVIVAL (§ 88*)—WANT OF REVIVOR—ESTOPPEL.

A person who proceeds in a suit and takes an order or decree therein without revivor is estopped to object for want of revivor.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. § 512; Dec. Dig. § 88.*]

5. APPEAL AND ERROR (§ 435*)—APPEARANCE BY ADMINISTRATOR—REVIVOR.

Where an administrator appeared generally in the Circuit Court of Appeals without objecting that he had not been properly joined by bill of revivor, and argued and submitted the case on its merits, he thereby ratified the decree as if he were a party, and could not object for want of re-

vivor, but should be formally substituted as a respondent in the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 435.*]

6. DIVORCE (§ 165*)—DECREE—APPLICATION TO VACATE—LACHES.

Where complainant in a suit to set aside a divorce decree for fraud did not file her bill until 18 months after discovering the decree and alleged no facts to excuse or explain the delay, injury from the delay would be presumed, to establish that claimant was guilty of laches, especially where there was another woman claiming to be the wife of the defendant by virtue of the decree.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 165.*]

7. EQUITY (§ 72*)—LACHES—PREJUDICIAL DELAY—PRESUMPTIONS.

While only prejudicial delay will constitute laches, yet prejudice need not always be affirmatively shown, but will be presumed, where the interests of innocent third persons might be affected by the delay, which in such cases claimant must satisfactorily explain or excuse.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 207, 210–220, 225, 226; Dec. Dig. § 72.*]

Appeal from the Circuit Court of the United States, for the Northern District of California.

For opinion below, see 78 Fed. 834.

Sullivan & Sullivan and Theo. J. Roche, for appellant.

D. M. Delmas, Benj. K. Knight, Henry C. McPike, and Joseph H. Skirm, for appellees.

Before GILBERT and ROSS, Circuit Judges, and VAN FLEET, District Judge.

VAN FLEET, District Judge. This is a bill in equity to declare void a certain decree of divorce obtained in a California state court and to enjoin its enforcement on account of actual fraud in its procurement. A demurrer to the bill was sustained, and the bill dismissed. The complainant appeals.

The appellees present a motion to dismiss the appeal, which raises the question of the jurisdiction of the court to entertain it, and this motion will therefore be considered first. The motion grows out of the following facts: The demurrer (which was to an amended bill) was sustained January 11, 1897, with leave to the complainant to amend. Complainant elected to stand upon her bill, without amendment. The defendant died April 1, 1906. On July 5, 1906, after his death, on the motion of Louise R. McNeil, claiming to be his surviving wife, the court entered a decree of dismissal nunc pro tunc as of January 22, 1897, the day after the expiration of the time allowed to complainant to amend. On December 15, 1906, complainant presented her petition for appeal, which was allowed on the same day. On December 17, 1906, the court, upon suggestion by affidavit of the death of the defendant and the issuance of letters of administration upon his estate, ordered that the citation be addressed to and served upon the administrator and upon the said Louise R. McNeil, and the same was issued and served accordingly. The administrator and the said Louise R. McNeil now join in a motion to dismiss the appeal on the ground that the suit became defective on the death of the defendant, that it was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

never revived in the Circuit Court, either by bill or upon motion, and that neither the administrator nor the alleged surviving wife had ever been substituted as a defendant.

We think the motion should not be granted. Under Rev. St. § 955 (U. S. Comp. St. 1901, p. 697), the executor or administrator of a deceased party may, in case the cause of action survives, by law prosecute or defend the suit to final judgment. It is further provided that if the executor or administrator, after being served with a scire facias to appear, neglects or refuses for 20 days to become party to the suit, the court may render judgment as if he had become a party. The proceedings in question were, therefore, unquestionably irregular. The administrator never became a party and was never served with scire facias to do so. The court, therefore, should not have rendered the judgment; but it does not now lie in the mouth of Louise R. McNeil to object to a judgment made upon her request, and she cannot be heard to say that she was not a party, and, however irregular it may have been to treat her as a quasi party, such irregularity could be corrected only upon appeal. Moreover, it is settled that a person who proceeds in a suit, and takes an order or decree therein without revivor, is estopped to object for want of revivor.

The administrator appeared generally in this court on this appeal, and, without making any objection, argued and submitted the case on the merits. He has therefore ratified and adopted the decree, as if he had been a party to it, and is therefore in no better position than Mrs. McNeil, with whom he joined in the motion. He should, however, be formally substituted as respondent in this court, and, as appellant has moved for such a substitution, it may be done accordingly.

As to the merits: The bill alleges that through certain frauds of the defendant (the husband) a decree of absolute divorce was rendered against the wife (complainant and appellant here) without her knowledge, and without any opportunity to her to defend. She alleges that she first learned of the decree about 20 months after its rendition; but the original bill was not filed until 18 months after such discovery. The court sustained a demurrer to the original bill on the ground of laches, and gave to complainant leave to amend. Seven months afterwards the complainant filed an amended bill. Neither in the amended bill nor in the original bill was any explanation offered of the delay in bringing the suit, nor any excuse suggested for that delay. A demurrer to the amended bill was sustained on the same ground; the court remarking that, although a delay of 18 months does not always necessarily constitute laches yet under the circumstances of the case it might amount to laches, and at least called for explanation. On sustaining the demurrer the court gave the complainant another opportunity to amend, but she did not avail herself of it.

It is contended by appellant that no delay short of the period fixed by the analogous statute of limitations can constitute laches, unless it affirmatively appears that the delay has prejudiced the defendant. We do not so understand the law. It is true that it is only prejudicial delay which constitutes laches; but it does not follow that such prejudice must always be affirmatively shown. At least in some cases any unnecessary delay is presumed to have caused injury; and it is in-

cumbent upon the complainant to make a satisfactory showing or ex-cuse for the delay.   Such, for example, is the rule where the inter-ests of innocent third persons might be affected by the delay; and we think that cases of divorce are of that character.   The safety of so-ciety imperatively demands that one who seeks to overthrow an appar-ently valid decree of divorce should proceed with the utmost prompt-ness upon discovery of the facts claimed to show its invalidity.   It must be apprehended that a man who has secured a decree of divorce, valid on its face, may endeavor to marry again, thus entangling some innocent woman in most intolerable difficulties, should the divorce be afterwards annulled.   In such a case, one who seeks the aid of equity should, in limine, make it appear that she has proceeded in good faith and with reasonable diligence.

As we have said, this bill does not even attempt to suggest any rea-son, much less any excuse, for this failure to proceed promptly; and, in fact, there is now before the court a woman claiming to be the sur-viving wife of the deceased defendant.   Moreover, the allegations of the bill at least make the good faith of the complainant questionable; and her counsel, though challenged to do so, have not enlightened the court as to any substantial benefit to her to result from a decree in her favor.   These considerations are fortified by her extreme dilatoriness in the prosecution of this suit since it was commenced, and her inex-cusable unwillingness to explain the delay in beginning the suit, though she has been afforded several opportunities to do so.   We think the demurrer was properly sustained.

F. E. Morgan, as special administrator of the estate of James Mc-Neil, deceased, is substituted as appellee herein in the place and stead of said James McNeil, deceased.   The motion to dismiss the appeal is denied.   The decree dismissing the bill is affirmed.