[No. 7895.]

JAMES ET AL. V. ASPELIN.

1. FRAUD—*Pleading.* Action to annul a contract for fraud. The complaint set forth the alleged false and fraudulent representations, plaintiff's reliance thereon, his ignorance of the facts, and that he was deceived and misled by such false representations. · *Held* sufficient. (382)

2. ——*Contract Induced by Fraud—Assignment and Reassignment—Effect.* Plaintiff sued to vacate a contract alleged to have been induced by fraud. It appeared by the reply that prior to the discovery of the fraud he had assigned the contract to a third person, and this, it was contended, destroyed his right of action. Considering that the assignment was procured by defendants, was without consideration, and a continuance of the fraud, and that prior to the institution of his action plaintiff had procured a reassignment, and so placed himself in position to be able to surrender whatever he might have acquired in the fraudulent transaction, the contention was repelled. (382, 383)

*Error to Rio Grande District Court.*—Hon. CHARLES C. HOLBROOK, Judge.

Mr. James P. Veerkamp, Mr. Albert L. Moses, Mr. Jesse C. Wiley, for plaintiffs in error.

Messrs. Palmer & True, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

This action is to annul a contract and recover the money paid thereunder upon account of fraud, false representations, wilful deceit, etc. Upon trial to the court the decree was in favor of the plaintiff. It is claimed that the complaint fails to state a cause of action. No substantial reasons are presented in the brief why such is the case. It contains the allegations of facts pertaining to the false and fraudulent representations, wilful deceit, etc., with the further statement of his ignorance thereof that he relied upon them, was deceived thereby, etc., and upon account thereof was damaged to the extent of the money he paid to the defendants. We think its averments are sufficient in these respects.

The next assignment pertains to the admissions contained in the plaintiff's replication. They disclose that under the terms of the contract he purchased for $1,000.00 an undivided one-fortieth interest in what purported to be certain water filings on the Russell Springs Lakes, and the Russell Springs, situate in Saguache county, where it was proposed to construct a reservoir with intake, outlet, etc., for the purposes of handling certain water, which it was alleged the defendant's fraudulently stated they had appropriated by virtue of these filings, but which, according to the evidence of certain witnesses, was never in existence and was not to be had. It appears that after the execution of this contract a corporation was formed by the defendants to take over this property, and the plaintiff was, by these defendants, induced to assign his contract from them to this corporation, under some understanding or arrangement whereby he was to accept stock in the corporation in lieu of his interest evidenced by the contract. But his replication further discloses that the

corporation never did anything in the way of construction, and soon after this assignment, and prior to the bringing of this action, the corporation reassigned the contract to him. It is claimed that this replication shows that he parted with any cause of action he might have against the defendants, and for that reason that he had not, at the time of the institution of this suit, any cause of action against them. This might have been true (a question unnecessary to consider) had he not secured the reassignment of the contract back to him prior to the institution of the suit. When this fact is taken into consideration with the evidence that it took him some time to wake up to the fraud which had been perpetrated upon him, and that the assignment was in continuation of the fraud, and without consideration, and that when he ascertained these facts he secured its reassignment, so that prior to the bringing of the action he was in a position to surrender the contract, the objection is not well taken.

Sundry objections are made to the reception of evidence. It is unnecessary to examine them in detail. The trial was to the court. From a casual perusal of the record it is evident that the court did not receive any incompetent evidence which might be considered as prejudicial to the rights of the defendants, when we further consider that the cause was in equity and the complaint included sundry allegations of facts pertaining to fraud, deceit, etc.

It is earnestly urged that the evidence is insufficient to support the findings. To sustain this contention counsel cite *United States v. Maxwell Land Grant et al.,* 121 U. S. 385, 30 L. Ed. 949, 7 Sup. Ct. 1015, and *Wilson v. Morris,* 4 Colo. App. 242, 36 Pac. 248, both of which are to the effect that to sustain a cause of action of this character the evidence must be clear, unequivocal and convincing, and as stated by our Court of Appeals "the resulting proof must be established beyond a reasonable doubt." We have no criticism to offer pertaining to these declarations; when applied to this case it is sufficient to say we are of opinion that the resulting proof

comes within the rule of both.    To analyze the evidence in detail would avail no useful purpose.

The judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.