No. 9486.

BOYD *v.* BOYD.

1. DIVORCE—*Action to Vacate,* upon the ground that the wife's appearance and answer were forgeries, and that she was never served with process, requires proof of the forgery beyond reasonable doubt.

2. ——*Mercenary Motive.* To such action, instigated by a mercenary motive the doctrine of laches, estoppel and acquiescence prevails.

Where it appears that the wife knew of the decree before the second marriage of the husband, acquiesced in it for years, and accepted alimony under a contract which recited the decree, a judgment annulling the divorce was reversed.

3. *Practice in Error—Province of the Court of Review,* is to examine the entire evidence, and determine whether the trial court or jury misunderstood its force and effect.

*Error to Arapahoe District Court, Hon. Robert G. Strong, Judge.*

Mr. GEO. ALLAN SMITH, for plaintiff in error.

Mr. EDWARD M. SABIN, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

SEPTEMBER 7, 1911, Joseph W. Boyd, defendant below, plaintiff in error here, obtained a divorce from Nello May Boyd, defendant in error, and July 25, 1914, she brought this suit in equity to have the judgment pronounced void and the divorce decree annulled upon the alleged ground in her complaint that she had never been served with summons or notice, and that her signature to the answer, waiver of notice, acceptance of service and consent to trial were forged, and that she had no notice or knowledge that a divorce decree had been entered until about July 25, 1914. The lower court found the purported signatures were forgeries, pronounced the divorce decree void, and set it aside. We will speak of her here as plaintiff and him as defendant, the same as in the lower court.

The instruments to which the signatures are alleged to be forged are as follows:

Acceptance of Service on the back of the summons:

"State of Colorado,  } ss:
City and County of Denver,  }

I do hereby certify that I have this day duly received a copy of the within summons, together with a copy of the complaint in the within stated action, thereunto attached, and I hereby acknowledge receipt of the same and waive the service hereof by an officer.

Witness my hand and seal this 7th day of September, A. D. 1911.

NELLO MAY BOYD,
*Defendant.*"

## ACKNOWLEDGMENT.

"State of Colorado,  } ss:
City and County of Denver,  }

NELLO MAY BOYD being first duly sworn, says, that she is the defendant in the within entitled cause; that she knows the purport of the within summons and the complaint in said action, a copy of which she has received; that she is the same person who signed the above acknowledgment of the receipt of a copy of the summons and complaint in the within stated action.

NELLO MAY BOYD.

Subscribed and sworn to before me, this 7th day of September, A. D. 1911.

My commission expires March 6, 1915.

OLGA JACOBSON,
*Notary Public.*"

(Notarial Seal)

## ANSWER.

"State of Colorado,
County of Arapahoe,          } ss:

In the County Court.

JOSEPH W. BOYD,
          Plaintiff,

          *vs.*

NELLO MAY BOYD,
          Defendant.

Answer and Waiver of Trial
Notice.

Comes now the defendant in the above entitled cause and answering the complaint filed herein, says:

Defendant admits the amount involved, the residence, the marriage, and that there is no issue of said marriage.

Defendant denies each and every other allegation in said complaint contained.

Wherefore, Defendant prays that the said complaint be dismissed and for such other and further relief as to the court may seem meet.

Defendant waives notice of trial, and waives the statutory time for the trial of said cause and consents that said cause may be tried at any time convenient to the court without further notice to the said defendant.

NELLO MAY BOYD.',

## ACKNOWLEDGMENT.

"State of Colorado,
City and County of Denver,          } ss:

NELLO MAY BOYD, being first duly sworn, deposes and says: That she is the defendant in the above entitled cause; that she has read the above and foregoing answer, and waiver of trial notice, knows the contents thereof, and knows that the same is true of her own knowledge.

NELLO MAY BOYD,

*Defendant.*

Subscribed and sworn to before me this 7th day of September, A. D. 1911.

My commission expires March 6, 1915.

OLGA JACOBSON,

(Notarial Seal)　　　　　　　　　　　*Notary Public.*"

The divorce decree was entered September 7, 1911, and plaintiff and defendant each signed an alimony agreement or contract dated September 7, 1911, which recites that, whereas they have been separated by a decree of court which makes no provision for alimony or her future support and maintenance; therefore, he being desirous of making some provision for her future support, it is mutually agreed between them, that he will, from and after September 7, 1911, pay her in lieu of alimony $365.00 per annum to be continued until her remarriage or death; provided that he may at any time pay her $5,000.00 and be released from any claim by her for alimony, and provided further that he shall be under no obligation to pay the $5,000.00 unless he receives that amount from the settlement of a certain law suit, and then only in the event that she is not remarried and is still living. All household furniture in her possession is to be her absolute property. The covenants to be performed by him shall be in full settlement of both temporary and permanent alimony, or of any other claim that she might have against him by virtue of their being husband and wife. The life insurance of each to stand as it is at the time of making the contract.

In her sworn replication plaintiff states that she signed this alimony agreement sometime in September, 1911.

October 12, 1911, she made, subscribed and acknowledged before a notary a purported will which provides *inter alia* that "all personal property I may own, clothing, household goods, bedding, and all cash I may own to be paid to my divorced husband, Joseph W. Boyd, at the time of my death."

December 11, 1911, Mr. Boyd married one Josephine Elliott in the Territory of New Mexico, and they immediately returned to Denver where they have since resided. The year following the marriage a child was born to them who is now living and past 7 years of age.

Garrigues, C. J., after stating the case as above.

To sustain this action upon the ground of forgery the evidence considered as a whole must show the forgery beyond a reasonable doubt. To set the divorce decree aside upon this point, the evidence must measure up to the high degree of proof required to cancel written instruments. We have carefully examined the whole evidence and find it comes far short of this requirement. Bearing upon, and illustrating this point, we cite the following authorities: *Armour v. Spalding*, 14 Colo. 302, 23 Pac. 789; *Davis v. Hopkins*, 18 Colo. 153, 32 Pac. 70; *Enos v. Anderson*, 40 Colo. 395, 398, 93 Pac. 475, 15 L. R. A. (N. S.) 1087; *Butsch v. Smith*, 40 Colo. 64, 90 Pac. 61; *Mitchell v. Mitchell*, 41 Colo. 72, 74, 91 Pac. 1103; *Baird v. Baird*, 48 Colo. 506, 111 Pac. 79; *Kavanagh v. Hamilton*, 53 Colo. 157, 168, 125 Pac. 512, Ann. Cas. 1914E, 76; *Pinnacle Co. v. Popst*, 54 Colo. 451, 462, 131 Pac. 413; *Martinez v. Martinez,* 57 Colo. 292, 298, 141 Pac. 469; *James v. Aspelin*, 57 Colo. 381, 383, 141 Pac. 993; *Irvine v. Minshull*, 60 Colo. 112, 140, 152 Pac. 1150; *Wilson v. Morris*, 4 Colo. App. 242, 245, 36 Pac. 248; *Davis v. Dresback*, 81 Ill. 393; *Northwestern & Pac. Hypotheek Bank v. Ridpath*, 29 Wash. 687, 70 Pac. 139; *Huntington v. Crouter*, 33 Or. 408, 54 Pac. 208, 72 Am. St. Rep. 726.

[2] It is the province of a court of review to examine the entire evidence and determine whether the trial court or jury misconceived its force and effect. *People v. Court of Appeals,* 24 Colo. 186, 187, 49 Pac. 36; *Laesch v. Morton,* 38 Colo. 171, 174, 87 Pac. 1081, 120 Am. St. Rep. 106; *Thuringer v. Trafton,* 58 Colo. 250, 254, 144 Pac. 866; *Fulton Co. v. Smith,* 27 Colo. App. 279, 286, 149 Pac. 444.

There is another reason why the case should be reversed. The evidence shows the plaintiff brought the suit from mercenary motives for the purpose of subjecting defendant to her monetary demands. Motive is immaterial in a suit involving property rights only, but in an action to set aside a divorce where there has been a remarriage, something more than property rights is involved; conscience, good faith, honesty of purpose and reasonable diligence are required, and the doctrine of laches, estoppel and acquiescence prevails. *Great West Min. Co. v. Woodmas of Alston Min. Co.,* 12 Colo. 46, 20 Pac. 771, 13 Am. St. Rep. 204; *Arthur v. Israel,* 15 Colo. 147, 25 Pac. 81, 10 L. R. A. 693, 22 Am. St. Rep. 381; *Israel v. Arthur,* 18 Colo. 158, 32 Pac. 68; *Smith v. Morrill,* 12 Colo. App. 233, 55 Pac. 824; *Du Bois v. Clark,* 12 Colo. App. 221, 55 Pac. 750; *Keely v. East Side Imp. Co.,* 16 Colo. App. 365, 371, 65 Pac. 456; 14 Cyc. 720; *Nichols v. Nichols,* 25 N. J. Eq. 60, 66; *Singer v. Singer,* 41 Barb. (N. Y.) 139, 140; *Nicholson v. Nicholson,* 113 Ind. 131, 15 N. E. 223; Bispham's Princ. of Eq., § 39; *McNeil v. McNeil* (C. C.), 78 Fed. 834; *McNeil v. McNeil,* 170 Fed. 289, 291, 95 C. C. A. 485; *Maher v. Title Guarantee & Trust Co.,* 95 Ill. App. 365, 368, 389.

We purposely omit a statement of the evidence, or any comments upon it, further than to say that we have read and considered it all carefully and find from an examination of the whole record that a court of review would not be warranted in allowing a judgment to stand based upon the theory that the evidence shows beyond a reasonable doubt that plaintiff's name was forged to the county court papers in the divorce action. Upon the second proposition, eliminating entirely the question of acceptance of service,

the evidence shows that plaintiff knew of the decree as early as September, or at least in October, before the defendant remarried in December, 1911. It further shows overwhelmingly that she acquiesced in the decree and accepted alimony under the contract until the bringing of this suit July 25, 1914. In the face of such a record, any finding by a trial court that plaintiff used reasonable diligence, that she was not actuated from mercenary motives, that she was moved by conscience, good faith and honesty of purpose, and that the doctrine of laches, estoppel and acquiescence did not apply, would not be binding upon this court because it would lack substantial support from the evidence. We therefore reverse and remand the case with directions to the lower court to dismiss it.

*Judgment Reversed and Remanded.*

Mr. Justice Scott and Mr. Justice Denison concur.