**Ella Ruth VANN**

**v.**

**Fred E. VANN.**

**Civ. A. No. 6403.**

United States District Court
E. D. Tennessee, N. D.

Dec. 16, 1968.

Cecil D. Meek, Jr., Knoxville, Tenn., for plaintiff.

Foster D. Arnett, Arnett, Draper & Hagood, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

A motion to dismiss has been filed in an action for declaratory relief under 28 U.S.C. § 2201 in which the plaintiff asks the Court to declare void a decree of the General Sessions Court for Roane County, Tennessee. Plaintiff, Mrs. Vann, alleges that her husband brought an action for divorce in the state court with

service of process by publication. Although Tennessee Code Annotated 23–646 requires the clerk to send notification to an out of state defendant when the address is known, plaintiff says she did not receive notice of the pending suit. Her correct address appeared on the face of the defendant's original bill in the state court. The General Sessions Court entered a judgment pro confesso and final decree of divorce on April 11, 1968, also adjudging that the defendant should be vested with the entire estate in lands and a building which at the time was held jointly by the plaintiff and defendant.

Mrs. Vann asserts invalidity of the judgment on two grounds. First, she contends that the judgment is void for lack of due process because she did not receive notice of the action even though her address was known. Secondly, she alleges that the pleadings and proof upon which the judgment was rendered contained fraudulent misrepresentations.

 The motion to dismiss questions the jurisdiction of a federal court to hear a case of this nature. The defendant correctly states the rule that federal courts generally do not have jurisdiction to hear divorce suits and related matters. Barber v. Barber, 62 U.S. 582, 21 How. 582, 16 L.Ed. 226 (1858); In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); Albanese v. Richter, 161 F.2d 688 (C.A. 3, 1947).

The statement of the general rule does not control this case which questions the validity of a judgment under the United States Constitution. The *Barber* decision which originally announced the rule indicated that the federal courts would yet hear some matters which arise from domestic relations. The Supreme Court in that decision held enforceable in the district court a judgment for alimony which had been rendered in the state courts of another state. As a court of equitable jurisdiction, a federal district court has the long recognized power to deprive parties before it of the fruits of a judgment of divorce procured by fraud which goes to the validity of the judgment. Cohen v. Randall, 137 F.2d 441 (C.A. 2, 1943); United States v. Mashunkashey, 72 F.2d 847 (C.A. 10, 1934); McNeil v. McNeil, 78 F. 834, aff'd 170 F. 289. Mrs. Vann alleges that she was deprived of property rights by the fraud of her husband and the judicial action of which she had no notice.

These cases indicate that federal courts are not precluded from examining the validity of divorce decrees.

When diversity of citizenship and a controversy involving more than the minimum jurisdictional amount exists, the court can take jurisdiction to hear a declaratory judgment action questioning the federal constitutional validity of a state court divorce decree. Southard v. Southard, 305 F.2d 730 (C.A. 2, 1962); Spindel v. Spindel, D.C.N.Y., 283 F. Supp. 797 (1968). The action is not a matrimonial action, but is one which questions the constitutionality of a judgment rendered by state court.

Collateral questions which have been raised in this case need not now be decided. The motion to dismiss should, and hereby is, denied.