528 P.2d 411 (1974)
Robert S. DULIN, Plaintiff-Appellee,
v.
George A. WEST and Maurice L. Ownbey, his heirs, devisees and assigns, Defendants-Appellants.
No. 74-107.
Colorado Court of Appeals, Div. III.
October 6, 1974.
Spurgeon, Aman & Hanes, Gregory R. Piche, Colorado Springs, for plaintiff-appellee.
Hochstadt & Straw, Jordan Hochstadt, Denver, Roger M. Breyfogle, Canon City, for defendants-appellants.
Selected for Official Publication.
*412 KELLY, Judge.
George West, the lessee of property on which there was a peat bog, appeals from a judgment quieting title in Robert Dulin, its present owner. We affirm.
The lease, executed by Dulin's predecessor in title for the purpose of mining peat moss on a 240-acre tract, provided for an annual rental of $10 plus a ten per cent royalty on all peat moss extracted. The royalty was payable monthly, not later than ten days after the end of each month. The lease was for a term of twenty years, renewable "for additional twenty year periods." Dulin sued to quiet title and cancel the lease on the grounds that the lessee had breached the implied covenant to develop and remove the peat moss from the property with reasonable diligence.
The trial court found that West had paid the annual rental of $10, but had produced only $71 worth of peat moss during the entire 16-year existence of the lease. The court concluded that this minimal production constituted a breach of an implied covenant to develop the property, and cancelled the lease.
West contends that in a lease of this kind, there is no implied covenant as long as the minimum rent is paid. He does not challenge the principle that when a royalty is the only consideration the lessor receives for the right to develop and remove minerals from a leased property, there is an implied covenant by the lessee to develop the leased property with reasonable diligence. See Rocky Mountain Fuel Co. v. Clayton Coal Co., 110 Colo. 334, 134 P.2d 1062. Rather, West claims that this rule is applicable only where the sole consideration is a royalty and does not apply when other consideration is present. He contends that the $10 annual rental in this lease is sufficient additional consideration to prevent cancellation of the lease. We do not agree.
When minimum royalties and annual rentals provided for in a lease are reasonably substantial in relation to the anticipated return from the property, they are in effect an agreed compensation to the lessor for the lessee's failure to achieve reasonable production. See Clark v. Louisville-Lafayette Coal Co., 96 Colo. 420, 43 P.2d 386; Vitro Minerals Corp. v. Shoni Uranium Corp., 386 P.2d 938 (Wyo.). The rule is otherwise, however, where the minimum annual rental is miniscule in relation to reasonably contemplated profits from the operation. In such cases, the lease may be terminated in an action to quiet title. See Spaulding v. Porter, 94 Colo. 496, 31 P.2d 711.
In view of the trifling amount of the annual rental in West's lease and the testimony that the property contained a large and valuable peat bog from which substantial profits could be derived, it is evident that the primary consideration for this lease was the expectation that royalties would result from extraction of the peat moss. See Spaulding v. Porter, supra. Since the lease was virtually unlimited in duration and West's production had been insignificant for sixteen years, cancellation of the lease was proper.
West's contention that lessor was barred by acceptance of rental payments under the lease was not raised in his motion for new trial. Review is thus foreclosed by C.R.C.P. 59(f).
Judgment affirmed.
RULAND and VanCISE, JJ., concur.