**GRAEFE & GRAEFE, INC.,**
**Plaintiff-Appellant,**

v.

**BEAVER MESA EXPLORATION CO., Rhelda S. High, Kenneth Hodgell, Marilyn Hodgell, Lundvall Brothers, Inc., Donald Joe Mechalke, Joe D. Mechalke, and all unknown persons who claim any interest in the subject matter of this action, Defendants-Appellees.**

**George C. RENSINK, Jr., and Dorothy L. Rensink, Plaintiffs-Appellants,**

v.

**BEAVER MESA EXPLORATION CO., Rhelda S. High, Kenneth Hodgell, Marilyn Hodgell, Lundvall Brothers, Inc., Donald Joe Mechalke, Joe D. Mechalke, The Permian Corporation and all unknown persons who claim any interest in the subject matter of this action, Defendants-Appellees.**

**No. 79CA0818.**

Colorado Court of Appeals,
Div. I.

May 14, 1981.

Rehearing Denied June 25, 1981.

Certiorari Denied Nov. 9, 1981.

Samuel L. McClaren, Denver, for plaintiffs-appellants.

Clarence W. Button, Eugene F. Costello, P. C., Eugene F. Costello, Bernadette M. Bauman, Denver, for defendants-appellees.

COYTE, Judge.

Plaintiffs filed these suits against defendants seeking to quiet title against certain oil leases held by defendants. From a conditional decree entered by the court, plaintiffs appeal. We affirm as to the conditional decree on the Graefe well No. 1, but conclude that an absolute decree should have been entered as to the rest of the acreage.

Defendant Joe D. Mechalke and plaintiffs Graefe and Rensink entered into separate oil and gas lease agreements dated May 25, 1970, covering 2,880 acres. Plaintiffs do not own 100% of the interest in these lands, but the remaining rights are owned by persons not parties to this action. These leases provided that if specified work was not done on a well within a specified period of time, the leases would be terminated; otherwise, they would continue as long as oil or gas was produced. Subsequently, defendant Joe D. Mechalke assigned some of his interest in these leases to the other defendants.

On the grounds that the leases were terminated because of defendants' failure to commence drilling within the time provided in the leases and, in the alternative, because of defendants' breach of the implied covenants of development and exploration, plaintiffs sued to quiet title to their property against the holders of the oil leases.

## I.

Plaintiffs contend that the trial court erred in not allowing plaintiffs to amend

their pleadings or to supplement their complaint to include the issue of the termination of the lease for failure to produce in paying quantities. We disagree.

■ At the conclusion of the trial, plaintiffs sought to amend their complaint to conform to the evidence in accordance with C.R.C.P. 15(b). Defendants objected to the amendment. During defendant Mechalke's testimony, plaintiffs, over defendants' objection as to the relevance of the evidence, introduced production records into evidence on the basis that this evidence was relevant regarding accounting of the proceeds of the leases. The trial court has discretion to disallow amendments to conform to the evidence. Where the evidence is admitted for a limited purpose other than that for which it is later sought to be used, and where as here, the proposed amendment seeks to introduce an issue outside of the pretrial order and not consented to by the adverse parties, the trial court does not err in refusing to allow the amendment. *Quandry Land Development Co. v. Porter,* 159 Colo. 8, 408 P.2d 978 (1965); *Clemann v. Bandimere,* 128 Colo. 24, 259 P.2d 614 (1953).

We find plaintiffs' contention regarding the supplemental pleadings to be without merit. C.R.C.P. 15(d).

## II.

Plaintiffs next contend that the trial court erred in failing to cancel absolutely the leases.

The trial court did not err in granting a conditional decree as to the land surrounding Graefe well No. 1; but regarding the remaining land subject to the leases, the trial court erred in not terminating the leases unconditionally.

## A.

■ The determination of the status of Graefe No. 1 is governed by the express provision in the lease that: "the lease shall remain in full force . . . as long . . . as oil or gas, or either of them, is produced from said land by the lessee."

The findings of the trial court that defendants' operations of Graefe well No. 1 commenced on or before May 25, 1971, that the operation commenced in a timely manner, and that it continued in sufficient quantities to extend the leases are supported by the evidence and thus are binding on appeal. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

However, the trial court also found that the Graefe well No. 1 ceased production in May 1978. This was approximately six weeks prior to trial. There was also evidence that the well only produced intermittently from November 1977 until it ceased production.

On the basis of these findings and the evidence before the court, the trial court properly entered its conditional decree in which it allowed 120 days to restore the well to production.

## B.

■ The decree of the trial court provides in part that, except as to the 40 acres on which Graefe well No. 1 is situated:

"[T]he Graefe Lease, the Prior Graefe Lease and the Rensink Lease shall be terminated and cancelled one hundred twenty days (120) from the date of this Decree unless Defendants shall commence in good faith and in a reasonable manner actual drilling operations and thereafter diligently continue such drilling operations in a reasonable and prudent manner to a depth sufficient to test the horizon from which the Graefe No. 1 well formerly produced and in such event this Decree shall be vacated and the leases shall remain in full force and effect according to their terms and provisions."

The trial court found that no further development or drilling had been undertaken by defendants since the completion of Graefe well No. 1 in 1971 and that a reasonably prudent operator would have further developed the land covered by the leases. These findings are supported by the record and are binding on appeal. *Linley v. Hanson, supra.* The trial court properly con-

cluded that the defendants by their failure to drill additional tests had breached the implied covenants of further exploration and development and that by virtue of this breach, plaintiffs were entitled to cancellation of their respective leases. *See Rocky Mountain Fuel Co. v. Clayton Coal Co.*, 110 Colo. 334, 134 P.2d 1062 (1043); *Dulin v. West*, 35 Colo.App. 6, 528 P.2d 411 (1974).

The trial court further held that since outside circumstances may have been partially responsible for the failure of lessees to comply with the implied covenants, the defendants should be allowed the opportunity to bring themselves in compliance with the implied covenants. However, the evidence is insufficient to sustain a finding that outside forces prevented development; rather, it indicates that no development was planned outside the Graefe well No. 1 prior to the initiation of litigation. Hence, the conditional decree cannot be sustained.

The policy upon which the implied covenants of development and exploration rest is to secure speedy development of the leased property. *Mountain States Oil Corp. v. Sandoval*, 109 Colo. 401, 125 P.2d 964 (1942). As was expressed in *Sauder v. Mid-Continent Petroleum Corp.*, 292 U.S. 272, 54 S.Ct. 671, 78 L.Ed. 1255 (1934):

> "The production of oil on a small portion of the leased tract cannot justify that lessee's holding the balance indefinitely and depriving the lessor not only of the expected royalty from production pursuant to the lease, but of the privilege of making some other arrangement for availing himself of the mineral content of the land."

Viewing the preceding facts in light of this policy, we conclude that the trial court erred in granting its conditional decree as to the land outside that surrounding Graefe well No. 1. As to this land, defendants' breach of the implied covenants operated to terminate absolutely their leases. *See Rocky Mountain Fuel Co. v. Clayton Coal Co., supra.*

Accordingly, the conditional decree as to all of the leased premises except for the 40 acres on which Graefe well No. 1 is located must be vacated, and as to the lands covered by those leases, title should be quieted in plaintiffs.

### III.

Plaintiffs contend that they are entitled to damages, costs, and attorneys' fees under § 38–42–105, C.R.S. 1973, which provides that:

> "If the owner of such lease neglects or refuses to execute a release as provided by section 38–42–104, then the owner of the leased premises may sue in any court of competent jurisdiction to obtain such release, and he may also recover in such action from the lessee, his successors, or assigns the sum of one hundred dollars as damages and all costs, together with a reasonable attorney's fee for preparing and prosecuting the suit, and he may also recover any additional damages that the evidence in the case warrants."

Section 38–42–104, C.R.S. 1973, provides that:

> "When any oil, gas, or other mineral lease given on land situated in any county of Colorado and recorded therein becomes forfeited or expires by its own terms, it is the duty of the lessee, his successors, or assigns, . . . within ninety days after the date of the forfeiture or expiration of any other lease, to have such lease surrendered in writing, such surrender to be signed by the party making the same, acknowledged, and placed on record in the county where the leased land is situated without cost to the owner of the leased premises."

The trial court, having found no forfeiture, did not award damages to plaintiffs. However, since we have reversed the trial court as to the land subject to the leases, except for the 40 acres surrounding Graefe well No. 1, we remand this issue to the trial court to make specific findings regarding when the leases as to these lands outside those surrounding Graefe well No. 1, became forfeited and whether plaintiffs are entitled to damages, costs, and attorneys' fees under §§ 38–42–104 and 105, C.R.S. 1973.

The judgment is affirmed as to the 40 acres on which the Graefe well No. 1 is

located, and the judgment granting a conditional decree concerning the lands outside the 40 acres is reversed and the cause is remanded with directions to enter an order terminating unconditionally the Graefe Lease and the prior Graefe Lease and the Rensink Lease and to quiet title to the lands covered by these leases in the plaintiffs.

BERMAN and STERNBERG, JJ., concur.