PER CURIAM.
This case arises from a 1992 agreement by which Timothy Jones licensed White Construction Co. to mine limerock deposits under Jones’ property. In the present lawsuit litigated in the circuit court, each party alleged the other party breached the agreement. We affirm the final judgment for Jones and reject Jones’s argument on cross-appeal regarding White’s failure to mine the land continuously.
The trial court correctly determined that the applicable statute of limitations, section 95.11(2)(b), Florida Statutes (1997), barred White’s counterclaim for breach in this case. According to White’s own pleadings, arguments, and evidence at trial, the company’s case against Jones rested on the theory that Jones breached the mining agreement in 1997 — not that Jones anticipatorily repudiated his contractual obligations, as White argues on appeal. White’s cause of action for breach accrued in 1997; the statute of limitations barred the company’s claim of breach some ten years later. See Abbott Labs., Inc., v. Gen. Elec. Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000) (discussing elements of breach).
We also reject Jones’s argument on cross-appeal that the trial court erred “by failing to find as a matter of law that White has an implied duty to mine with reasonable diligence.” We ascertain that Jones actually seeks review of a jury instruction, as his brief cites only a jury instruction on the subject as the juncture at which the trial court committed error, and not denial of a motion for directed verdict or for summary judgment. We find no abuse of discretion in the instruction at issue, which, almost word for word, tracked the extant rule in Florida that, when “the real consideration for the lease is totally dependent upon the commencement and continuance of mining operations by the lessee,” the lessee incurs an implied duty to mine. Deerfield Rock Corp. v. McClellan, 121 So.2d 822, 823 (Fla. 2d DCA 1960). Accordingly, as other jurisdictions have held, when the consideration is not “totally dependent upon the commencement and continuance of mining operations,” as it was here, the lessee or licensee incurs no duty to mine continuously. See id.; accord Hutchison v. Sunbeam Coal Corp., 513 Pa. 192, 519 A.2d 385, 388 (1986); Clark v. Louisville-Lafayette Coal Co., 96 Colo. 420, 43 P.2d 386, 387 (1935); Haeffner v. A.P. Green Fire Brick Co., 76 S.W.2d 122, 125 (Mo.1934); Weatherly v. Am. Agric. Chem. Co., 16 Tenn.App. 613, 65 S.W.2d 592, 598-99 (1933); Coal Creek Mining & Mfg. Co. v. Tenn. Coal, Iron & R.R. Co., 106 Tenn. 651, 62 S.W. 162, 168 (1901).
AFFIRMED.
KAHN, THOMAS and ROBERTS, JJ., concur.