CHURCHILL & ALDEN COMPANY, Respondent, v. RAM-
    SEY, et al, Appellants.

(172 N. W. 779).

(File No. 4451.   Opinion filed June 3, 1919.)

1. **Evidence—Defendants Husband and Wife, Statutory Cross Ex-
    amination of Each, Whether Testifying Against Each Other—
    Statutes Construed.**

> In a suit by a creditor of defendant husband to cancel a
> deed executed by him to his wife, as made with intent to

defraud creditors, **held**, construing Ccde Civ. Proc., Sec. 486 (Sec. 2717, Rev. Code 1919), providing that a husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband without his consent, that the objection to the statutory cross examination of her husband as a party by plaintiff, as violative of said statute, was well taken; since, defendants' theory being that the property involved was conveyed to the wife for a good and valuable consideration, the husband had no interest in the result of the suit, and was not testifying against himself, but was testifying against his wife. Held, further, that the objection, as regarded the wife's testimony, was properly overruled; since she was not testifying against her husband, but against herself only.

2. **Conveyancing—Fraudulent Conveyance—Deed From Husband to Wife, Formerly Deeded Property as Consideration, Effect.**

In a suit to set aside a conveyance from husband to wife as fraudulent as to creditors; it appearing that years before the conveyance in question the husband had conveyed the home property to his wife, that thereafter the latter was sold, and the proceeds turned over by the wife to the husband for use in his business; that the sole consideration for the later conveyance in question was said proceeds of the home property; wife testifying that the sole consideration thereof was the transfer by her to him of the proceeds of said home property, that she knew at the time of the conveyance in question that her husband was indebted to plaintiff, but did not know how much; **held**, that if defendant husband had disposed of his full stock and the lots in question with intent to hinder, delay, or defraud his creditors, and if the wife had had sufficient knowledge thereof to put her upon inquiry, the conveyance would have been fraudulent; but if, in absence of defendant husband's testimony, there was no evidence of his intended fraud nor of such circumstances, etc., and wife's testimony showing a fair price was paid for the conveyance, the evidence was insufficient to sustain finding that the conveyance was fraudulent and without consideration.

Appeal from Circuit Court, Minnehaha County.  HON. JOSEPH W. JONES, Judge.

Action by Churchill & Alden Company, a corporation, against W. H. Ramsey and Ella B. Ramsey, to set aside and cancel a deed to realty. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

*H. B. Ramsey,* and *A. H. Lossow,* for Appellant W. H. Ramsey.

*Davis, Lyon & Bradford,* for Appellant Ella B. Ramsey.

*A. J. Keith,* and *L. M. Morris,* for Respondent.

(1) To point one of the opinion, Appellants cited:

Clark v. Evans, 6 S. D. 244; 60 N. W. 862; Kreuger v. Dodge, 15 S. D. 159; 87 N. W. 965; Aldous v. Olverson, 17 S. D. 190; 95 N. W. 917; Niland et al v. Kalish, 55 N. W. 295; Langforth v. Issenhuth, (S. D.) 134 N. W. 889.

(2) To point two, Appellant cited:

20 Cyc. 528, and cases cited:

Smith v. Tolman, 132 N. W. 471; Mahaska County v. Whitsel, 110 N. W. 614.

Respondent cited:

20 Cyc. 465, 525, 529; Zinn v. Law, 9 S. E., 871; Hawk v. Van Ingen, 63 N. E. 705; Dillman et al. v. Nadelhoffer (Ill.) 45 N. E. 680.

POLLEY, J. This action was brought to set aside and cancel a deed, executed by the defendant W. H. Ramsey, purporting to convey to defendant Ella B. Ramsey the title to two building lots in the city of Sioux Falls. Defendants are husband and wife. The court made findings of fact to the effect that the conveyance was fraudulent, and entered judgment canceling and annulling said deed.

The defendants, contending that the evidence is insufficient to support the findings of fact, appeal to this court.

[1] At the trial, the plaintiff called both of the defendants to the stand for cross-examination under the statute. This was objected to on the ground that it was compelling husband and wife to testify against each other without the other's consent, and violated the provisions of section 486, Code of Civ. Pro. (section 2717, Rev. Code 1919). This section reads, in part, as follows:

"A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband without his consent."

Under the facts as they appeared at the time the objection was made, the objection was well taken as to the defendant W. H. Ramsey, and as to him should have been sustained. But the objection was properly overruled as to the defendant Ella B. Ramsey. According to defendants' theory of the case, the property involved had been conveyed to Mrs. Ramsey by W. H. Ramsey for a good and valuable consideration. Therefore she was the ab-

solute owner of the property, and he had no interest whatever in the controversy. The result is that Mrs. Ramsey was not testifying against her husband, but against herself only, and her testimony was not incompetent under the quoted portion of the statute. On the other hand, W. H. Ramsey, having no interest in the result of the suit, was not testifying against himself, but was testifying against his wife; and his testimony should have been excluded.

Disregarding the testimony of W. H. Ramsey, the facts as they appear from the testimony of Mrs. Ramsey are as follows: On or prior to 1896, defendants resided in Sioux Falls, occupying a home, title to which stood in the name of W. H. Ramsey. Some time during that year he deeded said home to his wife. At that time he was engaged in the shoe business in Sioux Falls, and does not appear to have been indebted to any one. He continued in this business in Sioux Falls until some time during the year 1910, when he removed such business to Minneapolis, where he continued to run it until the month of August, 1912. He then traded such business for a quarter section of land in Kidder county, N. D. In 1907 the home that had been deeded to Mrs. Ramsey in 1896 was sold for $3,400. This sum of money was turned over to W. H. Ramsey, and by him used in his said shoe business. No note or other evidence of indebtedness was given to Mrs. Ramsey for this money, nor was there any time fixed when it should be repaid to her; but she testified that there was an understanding between them that, at some future date, this money should be used to purchase another home. During all of the above times the defendant W. H. Ramsey was the owner of the two lots involved in this action. On the 12th day of July, 1912, by a quitclaim deed, he conveyed his equity in said lots to his wife, Ella B. Ramsey. No consideration passed from her for this conveyance at the time it was made, and the only consideration that she claimed ever passed from her for such conveyance is the $3,400 that was received for the home in 1907 and put into defendant's shoe business at that time.

Mrs. Ramsey testified that, when she took the deed to the said lots, she did not do it in an endeavor to hinder, delay, or defraud plaintiff, or any other creditor of Mr. Ramsey. She admitted that she knew, at that time, that he was indebted to plaintiff, but testified, that she did not know how much.

[2] If W. H. Ramsey disposed of his full stock and the lots in question with intent to hinder, delay, or defraud his creditors, and his wife had knowledge of such design, or, if she had sufficient knowledge to put her upon inquiry, then the conveyance was fraudulent, and should be set aside. But, in the absence of W. H. Ramsey's testimony, there is no evidence to show that he intended to defraud any of his creditors; nor were the circumstances such as to put his wife upon inquiry or to charge her with notice. Mrs. Ramsey's testimony showed that she paid a fair price for the conveyance, and this testimony was not disputed. In the absence of some evidence to overcome the testimony of Mrs. Ramsey, there is nothing to show a fraudulent intent, and the finding of the court that the conveyance was fraudulent and without consideration is not supported by the evidence.

The judgment appealed from is reversed.