## No. 10,040.

## FOSTER, ET AL. *v.* COFFEY.

Decided February 6, 1922.   Rehearing denied March 6, 1922.

Action to cancel deed; for partition of land, and division of personalty.   Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. APPEAL AND ERROR—*Sufficiency of Evidence.* The contention of plaintiff in error that the findings of the trial court are not sustained by the evidence, overruled.

2. PLEADINGS—*Departure.* A complaint alleged that the plaintiff was the owner of an interest in real property; held, that this was not an allegation of fee title, but was consistent with an allegation of equitable title set up in the replication, which did not constitute a departure.

3. CONTRACT—*Statute of Frauds.* While a contract may have been void under the statute of frauds, if it has been fully performed by one of the parties, it is binding on the other.

4. *Specific Performance—Time.* Time is not of the essence of a contract, unless so made specifically, or by the circumstances of the case; lapse of time is no objection to the specific performance of such a contract where the plaintiff has been in possession of the property.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. PAGE M. BRERETON, Mr. GRANT L. HUDSON, for plaintiffs in error.

Mr. HARRY S. CLASS, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was plaintiff in a suit to cancel a deed given by Louise Coffey, his wife, one of the plaintiffs in error; for a partition of the land conveyed by said deed; and for a division of certain personal property alleged to be owned by plaintiff and his wife in common.

The complaint alleges that the plaintiff is the owner, and in possession, of an undivided one-half interest in certain described lands and water rights, the other half interest being in defendant Louise Coffey, which lands she has attempted to convey to her children by a former marriage, reserving to herself a life estate.

The wife's answer denies plaintiff's ownership of the land mentioned; and admits the execution of the deed to her children. The other defendants in the suit are the said children, whose answer presents no new issue.

Plaintiff, by replication, alleges that in 1899, prior to the marriage of plaintiff and defendant Louise Coffey, the said defendant agreed with the plaintiff that if, after their marriage, he took charge of the farm on which she was at that time living, being the premises described in the complaint, she would convey to plaintiff an undivided one-half interest therein, if the plaintiff should, in due season, pay a bequest of $1,000.00 made by the will of Louise Coffey's deceased husband to each of her four children, which said bequests were a charge on the farm.

It is further alleged that the plaintiff has performed his part of said agreement, having from the time of his marriage forward, managed the farm in said contract mentioned, and paid the said bequests.

Plaintiff testified to the making of the agreement set up in the replication, and to his performance of it. His wife, in her testimony, denied that such an agreement had ever been made. There was a mass of testimony as to the plaintiff's business operations during the said years. The fact that the bequests were paid in accordance with the alleged agreement was not disputed. It appears that, through plaintiff's management, a fund was created from which adjoining lands were purchased, which, under the manage-

ment of the plaintiff, produced valuable crops. The proceeds of these crops, not applied in the purchase of other lands, as well as the proceeds of lands sold, were divided equally between the parties. The wife admitted that plaintiff had, at different times, requested a conveyance to him of one-half of the home farm, thus conceding that he claimed the interest which he now asserts had been promised him.

There being a direct conflict of evidence, the trial court might well have decided the case for the plaintiff solely upon the testimony as to the agreement. But there are other facts in evidence, bearing upon the question in issue, which the trial court might reasonably have regarded as supporting plaintiff's contention. The charge that the court's finding is not sustained by the evidence, is, therefore, without foundation.

It is objected, however, that the replication is a departure, because, it is said, the complaint alleged ownership in fee, while the replication set up an equitable title, derived from a contract executed upon the part of the plaintiff. The complaint did not, in terms, allege title in fee, but merely that the plaintiff was the owner, which language is consistent with an equitable title. We find no reason for holding that there is a departure.

That the defendants were not permitted to plead the statute of frauds is immaterial, because the evidence shows that the contract was executed upon the part of the plaintiff. So, though the agreement might have been void under the statute of frauds, it became binding upon the defendant when fully performed by the plaintiff.

There is no merit in the contention that the action was barred by the statute of limitations. Time is not of the essence of a contract, unless so made specifically, or by the circumstances of the case; and lapse of time is no objection to the specific performance of such contract, where the claimant has been in possession of the property. *Byers v. Denver Circle R. Co.*, 13 Colo. 552, 22 Pac. 951.

The evidence supports the court's findings, and the record shows no prejudicial error.

The *supersedeas* is denied, and the judgment affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE WHITFORD dissent.

MR. CHIEF JUSTICE SCOTT not participating.

MR. JUSTICE ALLEN, dissenting.

This is a suit brought by John J. Coffey, one of the defendants in error, against the plaintiffs in error and Effie Bernice Peterson, for the purpose, among other things, of quieting his title to an undivided one-half interest in and to a tract of land hereinafter referred to as "the home place." The plaintiff obtained a decree in his favor, adjudging him to be the owner of an undivided one half interest in and to the land. The defendants, other than Effie Bernice Peterson, bring the cause here for review.

Among the numerous contentions made by plaintiffs in error is that the court erred in overruling motions to strike portions of plaintiff's replication which, it is claimed, constituted a departure from the complaint. The court's ruling appears to be defended by plaintiff below on the theory that there can be no departure where the complaint alleges plaintiff to be an "owner" and the replication alleges, in effect, that he is an equitable owner. We do not find, however, that the pleadings in the instant case fit that theory.

The complaint contains three causes of action. The first is for partition, and alleges, among other things, that plaintiff and defendant Louise Coffey "are the owners" of the land. The second cause of action alleges that plaintiff "is the owner of an undivided one-half interest" in the land, and prays for the cancellation of a deed made by Louise Coffey purporting to convey such interest. The third cause of action is in the form of the usual complaint to quiet title under the code, and alleges that plaintiff "is the

owner and in possession of an undivided one-half interest" in and to the premises.

The separate answers of those defendants who are plaintiffs in error here each denied plaintiff's allegations of ownership in himself and set forth facts showing the legal and record title in themselves.

That portion of plaintiff's replication which defendants moved to strike out, reads as follows:    (omitting parts)

"That the plaintiff and the defendant Louise Coffey, on to-wit, November 5, 1899, were lawfully married and ever since said time have been and now are husband and wife.

"That prior to the said marriage the defendant Louisa Coffey stated to this plaintiff that if they were married and if he took charge of the farm on which she was at that time living, being the same premises described in the complaint,  *  *  *  she would convey to the plaintiff an undivided one-half interest therein, and that it was understood and agreed between the plaintiff and the said defendant Louisa Coffey that if the plaintiff would marry the said defendant Louisa Coffey and would in due season pay the bequest in the will of James S. Foster, deceased, viz: the sum of $1,000 to each of the four children,  *  *  * and would make the improvements deemed necessary *  *  *  not only would the said defendant Louisa Coffey convey a one-half interest in said premises, but that of all of the rents,  *  *  *  and all property,  *  *  *  plaintiff and the said defendant would share equally therein."

Other allegations are set forth to show what plaintiff did under and as a result of the alleged agreement, but it is not alleged that Louise Coffey ever conveyed any interest in the land or any part thereof to the plaintiff.    The replication shows that plaintiff is claiming as vendee under an executory ante-nuptial contract to convey land.

The question is whether the replication constitutes a departure from the complaint.

According to the replication the plaintiff is the equitable owner of the land claimed by him by virtue of being a vendee under an executory contract to convey.    Through-

out the complaint the plaintiff alleges that he is the "owner." While the term "owner" is one of wide application in various connections, yet as used in the complaint in the instant case, it cannot be given such a meaning as to comprehend a vendee under a contract to convey. The context in which it appears indicates that the word is used in its ordinary sense, that is, it means the holder of the title in fee. That is the natural meaning of the term as used in the first cause of action which is for partition. It is doubtful whether a mere vendee under a contract is entitled to maintain an action in partition. *Williams v. City of St. Petersburg,* 57 Fla. 545, 48 South. 754. In the third cause of action the context indicates that the term is used as applying to the holder of the legal title, for it is sought to quiet the title of the plaintiff who is alleged to be "the owner and in possession" of the land. Possession while not necessary where the title is equitable, is essential to maintain an action to quiet title where the plaintiff is "a person claiming a purely legal title." *Consolidated Plaster Co. v. Wild,* 42 Colo. 202, 94 Pac. 285. In *McFeters v. Pierson,* 15 Colo. 201, 24 Pac. 1076, 22 Am. St. Rep. 388, the term "owner" was held to be properly applied to the holder of a mining claim before receiving patent therefor, but the court said:

"It is true, the term 'owner,' when used alone, imports an absolute owner, or one who has complete dominion of the property owned, as the owner in fee of real property. * * * *"

In the complaint in the instant case, the term is used alone, and imports the holder of the fee title, or legal title. It should not be given such a comprehensive meaning as to embrace any possible ownership or equitable interest that may, for the first time, be revealed in a replication. In equity, the legal rule prevails that where the allegations are equivocal they will be construed most strongly against the pleader. 16 Cyc. 237. Under the code words are to be given their ordinary and popular meaning. 31 Cyc. 80. A pleading must be construed as an entirety. 31 Cyc. 83.

Under each or all of the foregoing rules, the conclusion must be that the term "owner" as used in the complaint imports the holder of the legal title, and not of the equitable interest of a vendee under an executory contract to sell or convey. It follows that there was a fatal departure in the replication. It is clearly error to overrule the motions to strike, and the subsequent demurrers which raised the same question. *Woodward v. Woodward,* 33 Colo. 457, 81 Pac. 322.

The principal question presented by the record, and one which goes to the merits of the case, is whether the evidence is sufficient to support the decree. In this connection, counsel for defendant in error John J. Coffey says:

"The only issue tendered here is whether or not there was a contract between John J. Coffey and Louise Foster, or Louise Coffey, in which she agreed to convey to Mr. Coffey a one-half interest in said premises."

The facts leading up to the question above stated are as follows: The land in question was owned by one James S. Foster in his life time and until his death. For this property he had partially paid. He made a will, devising the land to his wife, Louise Foster, who is now Louise Coffey, wife of plaintiff. James S. Foster died in 1894, and shortly after his death his widow, now the defendant Louise Coffey, paid the balance of the purchase price of the land, in the sum of about $4,000, out of insurance money received by her upon a policy which had been issued to her deceased husband. She became the holder of the legal title to the land, by virtue of the will. The will of James S. Foster in addition to devising the land to his wife, provided, among other things, that upon the coming of age of his minor children they should be paid a legacy of $1,000 each. On or about November 5, 1899, Louise Foster married John J. Coffey, the plaintiff herein. On June 1, 1920, she conveyed by warranty deed to three of the children of James S. Foster, deceased, and to a daughter of a deceased child, the land involved in this suit. The grantees in such deed are made the other defendants herein. The

plaintiff seeks, in addition to quieting title or as incident thereto, to cancel the deed above mentioned to the extent that it conveys or attempts to convey his alleged one-half interest in and to the land. At the time this suit was brought the legal title to the land was vested in the defendants, and no estate in the land was held by plaintiff by virtue of any conveyance or any legal title. Plaintiff claims under the alleged ante-nuptial contract. The contract, if any, was not in writing, but was made orally.

As tending to prove the making of the contract relied on, plaintiff testified as follows:

"She did state to me that on the completion of the payments to the children of one thousand dollars and the clearing of the land, that the deed would come back to her and I, and we would have it jointly."

This testimony is interpreted by counsel for John J. Coffey as if it was to the effect that the defendant Louise Coffey agreed to convey, or to cause to be conveyed, to plaintiff a one-half interest in the land after he would pay the bequest made by the will of James S. Foster, deceased, namely, $1,000 to each of the four children. The witness refers to a conversation that took place, if at all, more than twenty years ago. The evidence, above quoted, does not clearly show a contract to convey, but if it be assumed that it does, yet, for reasons hereinafter appearing, plaintiff is not entitled to prevail on that account alone. Mrs. Coffey in her testimony denied that she ever promised to convey any part of the "home place" to the plaintiff. She admitted, however, that after the bequests made by the will were paid, the plaintiff "wanted (her) to turn the place over," but this was not an admission of any contract to convey.

The evidence does not show that marriage was a consideration for the contract. On cross-examination the plaintiff testified that prior to the marriage he "undoubtedly" had an affection for Mrs. Foster and that this was independent of any desire to acquire her property because he

did not .know she had any, except that "she had a home." Further, he testified as follows:

"Q. Now then, the matter of the ranch or what was against it had nothing to do with your affection and engaging to marry this defendant?

A. No.

"Q. Now then, at the time you were ready and willing to then and there marry Mrs. Coffey, irrespective of the ranch or anything else?

A. Yes sir."

The plaintiff's. chief reliance is upon a contract wherein the consideration moving from him consisted of his paying off the bequests and making improvements on the farm.

The plaintiff testified to certain acts on his part as constituting part performance of the alleged parol contract. For example, it is shown that he constructed improvements on "the home place," but this evidence is of little importance. The farm, owned by defendant, produced income amply sufficient to pay for its own improvements, and plaintiff's part in the construction of the improvements is referable to his position as husband as readily as to his status as vendee. Plaintiff places stress upon the fact that he paid off the bequests, and thus, as he claims, performed· his part of the contract. Whatever the plaintiff did in the matter of paying off bequests to the children of James S. Foster, deceased, is as consistent with the absence of the alleged contract as with its existence. Prior to the marriage of the parties, plaintiff was employed by defendant as farm hand. At the time of the marriage, plaintiff had and contributed for the use of the family no more than about two hundred dollars. Defendant, Louise Coffey, then had possession of the home place, and soon became owner thereof by virtue of the will of her former husband. It was paid for by insurance money. Thereafter accumulations of capital resulted from the joint efforts of plaintiff and defendant in conducting farming operations on the "home place," being the capital contributed solely by defendant. The parties acquired other lands from the earn-

ings of the home place, each taking a legal title to an interest therein.   These other lands in turn produced revenue. Out of the income of the home place, or of these other lands, it is immaterial which, the bequests were paid.  The plaintiff managed the business affairs of the family, and if he managed the affairs ably and well, it could as well have been for the purpose of sharing the accumulations resulting from the farming operations as for the purpose of complying with his part of an alleged contract.  The record is such as to suggest that if plaintiff paid off the bequests, he paid them off with defendant's money.

The plaintiff seeks to enforce a parol contract to convey land.   The contract would be unenforceable under the statute of frauds except for a claimed part performance.   The testimony to establish the contract, under such circumstances, must be clear, positive, satisfying and convincing. *Nickerson v. Nickerson,* 127 U. S. 668; 8 Sup. Ct. 1355, 32 L. Ed. 314; *Laesch v. Morton,* 38 Colo. 171, 87 Pac. 1081, 120 Am. St. Rep. 106.   Tested by this rule, the evidence in the record is not sufficient to sustain a finding that the contract relied on was in fact ever made.   As said in *Boyd v. Boyd,* 68 Colo. 293, 298, 189 Pac. 608, 609:

"It is the province of a court of review to examine the entire evidence and determine whether the trial court or jury misconceived its force and effect."

The court erred in finding that there was a contract to convey, and in adjudging plaintiff to have any interest in the land in controversy.

I am authorized to state that MR. JUSTICE WHITFORD concurs in the views expressed in this dissenting opinion.