No. 10,190.

SIMPSON v. NELSON.

No. 10,191.

SIMPSON, ET AL. v. NELSON.

Decided June 5, 1922.   Rehearing denied July 3, 1922.

Actions for specific performance and forcible entry and detainer.   Judgments for defendant in error.

*Affirmed.*

1.  STATUTE OF FRAUDS—*Option by Agent.*   In the absence of written authority from a wife, the owner of real property, to her husband, authorizing it, a lease and option given by him on a part of the land was void under the statute of frauds.

2.  CONTRACT—*Written—Parol Evidence.*   Parol evidence is not admissible to vary the terms of a written contract.

3.  PRINCIPAL AND AGENT—*Ratification.*   Where a husband gave a lease and option on land belonging to his wife, without written authority, and she thereafter accepted as interest, payments made thereunder, that constituted a ratification of the contract on her part.

4.  SPECIFIC PERFORMANCE—*Mortgage on Property Involved—Effect.*   The fact that land, upon a part of which a lease and option is given, is covered by a mortgage, will not prevent the enforcement of the contract.   It is the business of the person giving the option to clear the title.

*Error to the District Court of Elbert County, Hon. Arthur Cornforth, Judge.*

Messrs. HENRY & FERGUSON, for plaintiffs in error.

Mr. BENJAMIN C. HILLIARD, Mr. JOSHUA GROZIER, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE two cases above entitled have been considered together and will be determined with one opinion:

Annie F. Simpson, plaintiff in error, was the owner of 2600 acres of land in Elbert county subject to an incumbrance of $3500. In 1903 her husband, William Simpson, without any written authority from her, gave a lease and option on 320 acres of said land to the defendant in error, Nelson. The last renewal of said instrument expired December, 1910, but Nelson remained in possession, constantly demanded a deed but was told the mortgage stood in the way but would soon be removed and that he then should have it. William Simpson died in 1917. Nelson continued to pay each year what plaintiff in error claims was rent and he claims was interest to D. Hardy Simpson, the son of William Simpson and Annie F. Simpson, plaintiff in error; and he, without, however, written authority from his mother, gave receipts to Nelson for "interest."

In 1919 Mrs. Simpson served notice to quit upon Nelson and brought suit in forcible entry and detainer. He answered, claiming to be the equitable owner and later brought suit upon the lease and option for specific performance. Both those suits were determined in his favor, and are here on error.

It is true, as Mrs. Simpson claims, that, since there was no written authority from her to her husband authorizing it, the lease and option was void under the statute of frauds. The fact that she was present and heard the oral contract which was afterwards consummated by the writing would amount to no more than oral authority from her to him, which would be void. So of verbal authority from Mrs. Simpson authorizing any ratification of the lease and option, and, of course, parol evidence was not admissible to vary the terms of the writing by showing that it was intended to be a contract of sale; and the son's acceptance of money paid as interest and his receipts for interest are not sufficient, because even so she might have taken it as

rent.    There is some evidence, however, that she took it as interest and we must assume that the court so found.    That constituted ratification and is sufficient to justify the decree in the suit for specific performance, and, of course therefore, the judgment in the forcible entry and detainer suit.

We see nothing in the point that the blanket mortgage prevented the enforcement of the contract.    If the contract to convey was valid, it was Mrs. Simpson's business to clear the title.

As for *laches,* we can see none in the record.

Judgment is affirmed in both cases.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE TELLER sitting as chief justice.