JACOBSEN, Appellant, v. ANDREWS, et al. (BENTLEY, et al, Garnishee Defendants,) BENTLEY, Respondent.

(189 N. W. 114.)

(File No. 5054.   Opinion filed June 27, 1922.)

**Evidence—Husband and Wife, Defendant and Garnishee Defendant, Testimony of Wife Re Alleged Money of Defendant, Whether "For or Against" Husband—Statute.**

Proffered testimony of a wife, garnishee defendant against whose husband a judgment had been rendered, garnishee process against her having followed—to the effect that she had transferred to her husband, after judgment rendered, $1275, and that this was her money, not his, was competent. So held, where judgment plaintiff proposed to elicit such testimony under statutory cross examination of said garnishee; following Churchill & Alden Co. v. Ramsey, 172 N. W. 779.

Appeal from Circuit Court, Hamlin County.   Hon. JOSEPH H. BOTTUM, Acting Judge.

Action by Martin Jacobsen, against Bertha Andrews and others, defendants, and K. T. Bentley and others, garnishee de-

fendants, judgment for defendant resulting; subsequent garnishee proceedings resulting in judgment for garnishees, from which judgment, and from an order denying a new trial, plaintiff appeals. Reversed, and cause remanded for new trial.

*Eugene P. Campbell,* for Appellant.

*Waggoner & Stordahl,* for Respondent.

ANDERSON, J.   February 21, 1918, plaintiff recovered against defndants a judgment in the sum of $2,829.43, together with costs.   Based on this judgment two executions were issued, both of which were returned nulla bona.   Plaintiff thereupon commenced proceedings in garnishment in aid of execution based upon the usual affidavit, which affidavit in substance stated that garnishee defendant K. T. Bentley and the State Bank of Bryant were indebted to defendants and had real or personal property in their possession belonging to defendant Johanna Bentley, one of the judgment debtors, and that the said Johanna Bentley has no property in this state to satisfy plaintiff's demand, and that such property is not by law exempt from sale on execution.   A garnishee summons in the usual form was duly issued and served upon the garnishee defendant K. T. Bentley, who pursuant to such summons made disclosure in substance following:   That at the time of service of garnishee summons he was not and is not in any manner indebted to or under liability to the principal defendants, or either of them, and that at said time or any other time he did not have in his possession or under his control any property, effects, or credits belonging to the principal defendants or any of them.   Upon the issue thus raised a trial was had in the circuit court of Hamlin county to a jury.   Counsel for plaintiff in opening case made a statement outlining generally the substance of plaintiff's contention, and thereafter counsel for defendant made a statement generally outlining the claim on the part of the defendants.   In the course of this statement he admitted that the defendant Johanna Bentley, otherwise known as Mrs. K. T. Bentley, had received from the estate of her mother the sum of $2,500, but that she had spent for the purpose of educating two of her children the sum of $750; that a portion of the money for educating these girls was by Mrs. Bentley actually paid out before she realized the cash from the estate; that garnishee defendant K. T. Bentley at the time of the commencement of this proceeding or

at any other time did not have any money belonging to Mrs. Bentley; and that in fact Mrs. Bentley had some money belonging to said K. T. Bentley, garnishee defendant. Plaintiff called Johanna Bentley, one of the principal defendants, as an adverse party for cross-examination under the statute:

"By Mr. Campbell: You may give your name, age, and residence. Answer: Mrs. K. T. Bentley.

"By Mr. Stordahl: At this time defendant objects to any examination of this witness as incompetent for the reason that the record shows she is the wife of K. T. Bentley, the garnishee defendant, and any examination of this witness would be an examination of the wife against the husband, or for or against the husband without his consent.

"By the Court: Objection sustained. (Thereupon counsel for plaintiff made an offer to prove by the witness that she is the principal defendant in this action; that the same grew out of garnishment proceedings; that there is an unsatisfied judgment against her in favor of plaintiff; that about the month of September, 1916, she received from her mother's estate $2,500; that same was retained by her up to February 21, 1918, when judgment was recovered against her in the main action; that same was deposited in the Bank of Bryant, where it remained until September 1, 1917, when the same was withdrawn, and by her retained up to time judgment was rendered.)

"By Mr. Stordahl: Same objection as previously urged.

"By Court: Sustained.

"By Mr. McFarland: Plaintiff further and separately offers to prove by witness Johanna Bentley that after recovery of judgment against her she transferred to garnishee defendant K. T. Bentley, without any consideration, and for the purpose of defeating collection of the judgment in question, at least $1,275 of the amount received from the estate; that such transfer was made with full knowledge on the part of said K. T. Bentley; that said K. T. Bentley had said money in his possession at the time garnishee summons was served upon him in this proceeding.

"By Mr. Stordahl: Same objection as before.

"By the Court: Sustained."

K. T. Bentley was called by plaintiff as an adverse witness for cross-examination under the statute:

"My name is K. T. Bentley. I am garnishee defendant in this action. I am husband of Johanna Bentley. My wife's name is Johanna Bentley, and she and I are both sued in this action.

"By Mr. Stordahl: At this time defendant Johanna Bentley objects to any examination of the witness, the same being incompetent for the reason that it calls for testimony for or against his wife without her consent.

"By the Court: Sustained.

"By Mr. Campbell: Plaintiff offers to prove by witness K. T. Bentley, called as an adverse witness for cross-examination under the statute: (For sake of brevity we state that the offer is only an amplification of previous offers, covering the relations between Mr. and Mrs. Bentley as relating to the funds in question.)"

To this offer the defendant interposed the same objection in behalf of garnishee defendant Bentley, as those heretofore set out. The objection was sustained.

If the trial court is right in its rulings in preventing an examination of both husband and wife in this case, then the door is open for a husband and wife to perpetrate unlimited fraud against the creditors of either. If Johanna Bentley had been permitted to testify and had testified in conformity with the offer, the evidence would have shown that she had transferred $2,500 or at least $1,275 to her husband, and that this was her money, not his. She should have been permitted and required to account for her disposition of this money. Such testimony would not have been "for or against" her husband, but would be "for or against" herself. Then, if it developed that she had transferred this money to her husband, he would be required to account for it. Such testimony by him as to his use or disposition of this money would be testimony "for or against" himself, and not "for or against" his wife. This, we believe, is in accordance with the rule laid down in Churchill & Alden Co. v. Ramsey, 42 S. D. 23, 172 N. W. 779. It follows that the judgment and order appealed from must be reversed, and the cause remanded for a new trial.