## No. 10,884.

### HORN *v.* HURWITZ, ET AL.

#### Decided January 5, 1925.

Action to recover possession of real estate. Judgment for defendants.

### *Reversed.*

1. WITNESSES—*Competency—Husband and Wife.* In an action against husband and wife for the possession of real estate, the husband by answer, disclaimed any interest in the property. On the trial the court refused plaintiff permission to cross examine the wife under the statute, without the consent of her husband, because of section 6563, C. L. '21. This was error.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. B. C. HILLIARD, Mr. B. C. HILLIARD, JR., Mr. S. T. HORN, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought by Simon T. Horn against Joseph M. Hurwitz and E. M. Hurwitz, husband and wife, to recover possession of certain real estate. The complaint alleges that in a prior action the plaintiff recovered a judgment against Joseph M. Hurwitz, upon which judgment execution was issued, and upon an execution sale the plaintiff purchased the property in question and received a sheriff's deed therefor. The complaint further alleges that the defendant E. M. Hurwitz claims some interest in the property.

The defendants filed separate answers. E. M. Hurwitz in her answer alleges that she is the owner in fee of the real estate described in the complaint. The defendant Joseph M. Hurwitz in his answer disclaims any interest in the property, and alleges ownership and possession to be in his wife, the defendant E. M. Hurwitz.

The court granted a nonsuit. Judgment was entered accordingly, in favor of defendants, and plaintiff brings the cause here for review.

Error is assigned to the court's refusal to permit plaintiff to cross-examine the defendant E. M. Hurwitz, as an adverse party, under the statute, without the consent of Joseph M. Hurwitz, her husband. The correctness of the court's ruling depends upon the applicability thereto of section 6563, C. L. 1921, providing: "A husband shall not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent."

In 4 Wigmore on Evidence (2d ed.) § 2235, the author says: "But no court ought today to lend its sanction to any expansion of the limits of this undesirable rule of privilege; and there is at least ample authority for the most rigid restriction."

It is to be observed that in the instant case the husband filed an answer disclaiming any interest in the property,

or the subject matter of the action. It follows from this that the testimony of his wife would not be "for or against" him, because he is not interested in the result of the action. In *Churchill & Alden Co. v. Ramsey*, 42 S. D. 23, 172 N. W. 779, an action to cancel a deed from husband to wife, it was held that the plaintiff was entitled to call the wife as a witness, although he could not call the husband. It was there said that the wife would not be testifying against her husband but against herself. This rule was reaffirmed in *Jacobsen v. Andrews*, 45 S. D. 490, 189 N. W. 114.

To support the ruling of the trial court, defendants in error cite *Jasper v. Bicknell*, 68 Colo. 308, 191 Pac. 115, but that case is not decisive of the instant case for the reason that the opinion therein did not pass upon the precise point which is presented here, but concerned the calling of both the husband and wife. In that case, moreover, the husband and wife answered jointly, and nothing is said in the opinion concerning such a situation as is presented in the instant case.

The judgment is reversed and the cause remanded.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.