No. 14,371.

BOYD *v.* McELROY.
(100 P. [2d] 624)

Decided February 13, 1940. Rehearing denied March 25, 1940.

Mr. WILLIAM A. BRYANS, for plaintiff in error.

Mr. WILLIAM O. PERRY, Mr. STANFORD W. GREGORY, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

DEFENDANT in error McElroy brought suit, for specific performance of a lease containing an option to purchase, against plaintiff in error Viola R. Boyd and her husband John A. Boyd. The husband answered admitting the allegations of the amended complaint. Plaintiff in error filed a separate answer and a cross complaint. Both the husband and McElroy answered the cross complaint. McElroy had judgment, and Mrs. Boyd seeks reversal on a writ of error.

The instrument, Exhibit A, of which specific performance was granted, is in words and figures as follows:

"June 24, 1933.
"To Whom it May Concern.

"I, John A. Boyd, have this day leased to Mr. McElroy my homestead & additional land joining same of four hundred & forty (440) acres for one hundred ($100.00)

per year. If the place is not sold, he, Mr. McElroy, has preference right to rent same for the years of '34 & '35. Mr. McElroy is to keep up all fences & [in] good repair & pay rent in advance.

"I also give Mr. McElroy an option to purchase the same for the sum of two thousand dollars ($2,000) at any time during the term of the lease.

"John .A. Boyd.

"Henry McElroy."

All the land in question belonged to the husband originally, but to keep peace in the family he transferred the title to his wife. The peace did not last, however, and in a subsequent divorce action the court decreed the property to the husband and wife jointly, all of which appears in the record. We affirmed this decree without written opinion. *Boyd v. Boyd,* 100 Colo. 320, 67 P. (2d) 1118.

There are twenty-eight assignments of error, twenty-five of which are directed to alleged improper admission of evidence; the other three simply stating that the judgment was wrong, not based upon sufficient evidence, and that "the court erred in denying the cross complaint of plaintiff in error." In her reply brief plaintiff in error makes a suggestion of fraud practiced upon her by reason of her alleged incompetency, but we find no basis in the record for the suggestion and consequently do not consider it.

All the assignments based upon the admission of evidence may be summarized in the following objection of her counsel to the introduction of Exhibit A: "I object for the reason that there is no land described in this instrument which is in issue in this case and because there is nothing to show that this was an act of Viola Boyd and for the further reason that there is no proof that John Boyd was acting as an agent for his wife in this transaction."

As will be noted, this raises the closely allied questions of a husband testifying in a case to which his wife is a party, over her objection, and the statute of frauds.

■ It must be conceded that she was the fee owner of the land at the time of the execution of the lease, which she did not sign. However, under the pleadings an issue of agency is presented with the alternative, if the claim of agency should fail, that there was a ratification by Mrs. Boyd. On these two matters the trial court apparently found for the plaintiff (defendant in error), although it made no specific findings. Whether the relationship of agency was established by the testimony is not important, because, under our view of the evidence, the plaintiff in error clearly is estopped to deny that an agency existed. The record discloses the following facts gleaned from her testimony: That she and her husband were living in or near Denver; that she went with him to the King home (her sister's place near Kremmling); that one of the objects of the visit was to make the deal with McElroy; that she was in the room when the whole matter was discussed; that she heard most of the discussion; that she said that the deal was with her knowledge; that she would not say it was without her approval; that she saw a part of the contract. (It would seem impossible that she could see a part of this brief writing without seeing all of it); that she might have read some of it; that she was familiar with it; that in response to the question, "Was that * * * the agreement you heard read at that time?" she replied, "That is the husband's hand writing, it must be."; that McElroy, who had been a tenant on the place for several years, continued under the new lease; that a short time later she collected the rent due thereunder, saying McElroy "was to deposit that to me clear in the bank."

Later a survey of the land had to be made and some fence rebuilt on the place, for which McElroy advanced the money. In having her attorney make an adjustment on the rent money, which was paid to him, she says she

authorized him to give McElroy credit for the survey and fencing. Subsequent rent money was paid to her attorney, whose receipt shows $200 rent money accounted for. It is admitted that McElroy exercised his option to purchase, designated within the period, and that he has tendered the purchase price of two thousand dollars. No reason appears why she refuses to convey the title to her undivided one-half interest. No contention is made that two thousand dollars is an inadequate or unfair consideration.

 Summarizing, we find: 1. The contract was not void for uncertainty in description. Everyone connected with the deal knew what land was involved, and at the trial the court permitted the description to be read into the record from the county clerk's records, to which there was no objection. This cured any deficiency respecting uncertainty in description. 2. The question as to the statute of frauds is answered by the statute itself, for it provides, inter alia, that "Nothing in this chapter contained shall be construed to abridge the powers of courts of equity to compel the specific performance of agreements, in cases of part performance of such agreement." '35 C. S. A., vol. 3, c. 71, §10. 3. Ratification was apparent. *Simpson v. Nelson,* 71 Colo. 490, 208 Pac. 455. There is no contention that McElroy has not performed in full. "So, though the agreement might have been void under the statute of frauds, it became binding upon the defendant when fully performed by the plaintiff." *Foster v. Coffey,* 71 Colo. 171, 204 Pac. 900. 4. Finally, under the first paragraph of section 9, chapter 177, '35 C. S. A., the husband was not incompetent to testify. Upon confessing judgment in his answer to the amended complaint, he qualified as a witness under *Horn v. Hurwitz,* 76 Colo. 389, 231 Pac. 1116. On his answer to the cross complaint, he was qualified under the statute itself, since "this exception does not apply to a civil action or proceeding by one against the other * * *." '35 C. S. A., vol. 4, c. 177, §9.

Under the circumstances, there was no error in giving McElroy judgment, or in refusing judgment on the cross complaint.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.