## No. 16,800.

### BRAMMER ET AL. *v.* ELLISON.
(257 P. [2d] 430)

Decided May 4, 1953.

Mr. GEORGE M. GIBSON, Messrs. MCGARRY & THOMAS, for plaintiffs in error.

Mr. CORTLAND N. COOL, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

ELLISON, who was plaintiff below, entered into written agreement with William A. Brammer, whereby he leased from him certain residence premises in the City of Colorado Springs, for the term of one year at a rental of $100 per month, with the option to purchase at the end of said term, rental payments to be credited on the stated purchase price of the premises.

The leased property was subject to rent control and upon application a rent ceiling of $90 per month was placed on the property instead of $100 as expected, and plaintiff's rental payments were adjusted to that amount until rent controls were removed during the term of the lease. Thereafter, for the remainder of the term, Brammer demanded, and plaintiff paid, rental of $100 per month as provided in the lease.

While the lease was executed by and in the name of defendant William A. Brammer only, title to the leased property was in defendants William A. Brammer and Rena C. Brammer, in joint tenancy. At the end of the term of the lease Ellison made tender in cash of the amount of the purchase price named in the lease, less

the amount of rental paid, with demand for deed, which was refused by Brammers. Thereupon Ellison brought this action for specific performance.

The defendants by answer, in addition to challenge of certain allegations of fact, asserted that plaintiff's lease and option was contrary to public policy; that said lease became void upon the action of the housing expediter in setting the rental of the property at $90 per month; that the option contained in the lease was without consideration, and that plaintiff knew the leased property was owned in joint tenancy by defendants; that said lease and option was not to become a contract until the written signature of defendant Rena C. Brammer was secured thereto, and that no such signature nor consent of said defendant was ever secured. Upon trial of the issues, the court made detailed findings in favor of plaintiff and ordered and decreed that defendants Brammer execute good and sufficient deed to the premises in favor of plaintiff upon payment of the amount tendered, and in the event of failure so to do, that the clerk of the court, as commissioner, execute such conveyance.

Reversal is here sought on the grounds: (1) That the option to purchase cannot be specifically enforced; (2) that defendant, Rena C. Brammer, is not estopped from asserting her title; (3) that the option to purchase was not exercised in accordance with its terms and the tender made by plaintiff was not in accordance with the option, and (4) that the entire lease and option contract was void under federal rent control regulations.

■ As to the first and second contentions, there is substantial evidence in support of the findings of the trial court, that Rena C. Brammer, the wife, expressly told plaintiff that her husband was authorized to deal with the property; that she heard and took part in the discussions with plaintiff and his wife as to the execution of said lease and option, and that within a few days after possession was taken thereunder she read the lease

and option, and thereafter conferred with plaintiffs several times regarding the same without denial of her husband's authority to execute it or attempted repudiation thereof. The evidence overwhelmingly supports the conclusion of the trial court that the husband was acting as his wife's agent in fact; that he was authorized so to act; that she subsequently ratified such agency and, even if not originally bound, is estopped thereby. *Simpson v. Nelson,* 71 Colo. 490, 208 Pac. 455; *Boyd v. McElroy,* 105 Colo. 527, 100 P. (2d) 624.

 As to the third contention, plaintiffs in error say that tender of a deed to be executed by both defendants as a condition to delivery of the purchase money was not an acceptance of the offer contained in the option which required deed signed by the husband only. In answer, it hardly need be said that upon finding that the husband was the authorized agent of the wife and executed the agreement to convey with her knowledge and consent and for her benefit as well as his own, the demand for deed signed by both was in accordance with their obligation.

 As to the fourth contention, there is substantial evidence to support the determination of the trial court that the agreement was made in contemplation of rent control; that immediately after its execution, to the knowledge and with the approval of plaintiff, defendant Brammer made application for change of rent ceiling; that rental payments were limited by the ceiling as then established while it remained in effect, and that upon its termination the full amount of rent as provided in the lease was again demanded and paid. Whatever might have been the rights of either party had the lease been challenged because of impossibility of performance due to rent control, those questions are not before us. By mutual consent rental payments under the written lease were changed to conform to the requirements of the Housing Authority, and tender of the amount so paid

as made by plaintiff upon demand for deed, was in compliance with the agreement.

The judgment is affirmed.