PEARSON, Chief Judge.
The trial judge has entered in this cause a judgment entitled, “Summary Final Judgment for Defendants”. The defendants as appellees here have urged that the judgment was actually entered upon an oral stipulation which was not made a part of the record. Such stipulations cannot be the basis for action in the appellate court. See Steele v. State, 33 Fla. 348, 14 So. 841 (1894); RCP 1.030(d), 30 F.S.A. In addition, the judgment of the court recites that:
“This cause came on to be heard before me upon the Motion of the Defendant-counterclaimant for Summary Judgment and upon the Motion of the Plaintiff-counterdefendant for Summary Judgment, and the Court, having examined the pleadings on file herein and the depositions, together with the affidavits submitted in support of the motions, and the Court having heard argument of counsel and being otherwise fully advised in the premises, it is the finding of the Court:”
Accepting the record as presented, we must reverse the judgment appealed because there is clearly a genuine issue of material fact as to the agency of the defendant-husband to bind the defendant-wife.
The suit was instituted by the appellants to enforce a convenant in a lease granting appellants, who were the leasees, the right to purchase the real property leased to them. The appellees defended upon the ground that the lease was void because it was not signed by the appellee wife and the title to the real property was held as an estate by the entirety. Appellees further filed their counterclaim for removal of the appellants as tenants because of the alleged invalidity of the lease. The judgment entered denied the counterclaim, thus holding the lease, valid as a lease but declined to enforce the option contained in the lease thus holding the option invalid. It therefore appears that there is a genuine issue as to the validity of the lease and the option. The only basis in the record for the claimed invalidity of the option is the failure of the wife to sign the lease, but this holding would not support the judgment upon the counterclaim.
We determine from our examination of the record that the genuine issue of material fact above specified does exist. Craft v. American Agricultural Chemical Co., 81 Fla. 55, 87 So. 41 (1921); DuPuis v. 79th Street Hotel, Inc., Fla.App.1970, 231 So.2d 532; Brammer v. Ellison, 127 Colo. 428, 257 P.2d 430 (1953); Gordon v. O’Brien, 320 Mass. 739, 71 N.E.2d 221 (1947).
Reversed and remanded.