271 So.2d 159 (1973)
Jerald P. KING, Appellant,
v.
Jeanette G. KING, Appellee.
No. Q-8.
District Court of Appeal of Florida, First District.
January 4, 1973.
*160 O'Gwen L. King, of Hahn, Reeves & Barfield, Pensacola, for appellant.
David H. Levin, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellee.
JOHNSON, Judge.
The appellant has appealed from a final judgment of dissolution of marriage which (1) awarded custody of the three minor children to the appellee; (2) awarded $2,000.00 per month to appellee as permanent alimony; (3) awarded appellee lump sum alimony in the amount of $10,000.00; (4) required appellant to pay the children's school tuition and gave appellee the sole discretion in choosing schools for the children; (5) required appellant to pay off the existing mortgage on the marital home in the approximate amount of $22,000.00 within ninety (90) days; (6) required appellant to assign one-half interest in certain parcels of land to appellee; and (7) required appellant to pay within thirty (30) days fees to appellee's attorney in the amount of $10,000.00.
Appellant does not challenge the dissolution itself or the award of custody of the children to the appellee. What he does seek review of is the monetary awards to appellee, and abuse of judicial discretion in these matters is claimed by appellant.
It is well-settled that matters of alimony, child support and other monetary considerations lie within the sound judicial discretion of the trial judge, based upon the evidence presented before him and due consideration of the needs of the recipients and the extent of the obligor's ability to meet these needs. Such awards will not be disturbed by the appellate courts unless they represent an abuse of judicial discretion or are patently erroneous on the record. The appellant carries the responsibility of clearly demonstrating such error. Rogoff v. Rogoff, 115 So.2d 456 (Fla. App.3rd, 1959); Pross v. Pross, 72 So.2d 671 (Fla. 1954).
We have carefully examined the record on appeal and the briefs filed herein and have heard oral argument by able counsel. Upon our consideration thereof, we conclude that, with one exception, the amounts of the awards and the provisions of the final judgment of dissolution of marriage find legal, substantial and competent support in the record. We therefore affirm all the provisions of the final judgment with the exception of that part ordering appellant to pay off the mortgage on the marital home within 90 days. We find this provision to be arbitrary and an abuse of judicial discretion, and can find no reason in the record why appellant cannot continue to make these mortgage payments in monthly installments. Accordingly, that part of the final judgment is reversed and remanded with directions to the trial judge to amend same so as to allow appellant to make the mortgage payments in monthly installments.
Appellee's attorney is awarded $500.00 for his services in connection with this appeal.
Affirmed in part and reversed in part with directions as hereinabove set forth.
SPECTOR, C.J., and RAWLS, J., concur.