PER CURIAM.
The appellant is the former husband of the appellee. He appeals the judgment dissolving the marriage and assigns error to the financial provisions of the judgment. The appellee has cross-assigned error as to a denial of attorney’s fees, and as to denial of a sum claimed as a debt under the property settlement agreement between the parties.
The appellant’s position is essentially that the trial court erred in enforcing the terms of the property settlement agreement because the wife had repudiated the agreement and elected to proceed in court for permanent alimony, temporary support and attorney’s fees. In addition, it is claimed that the agreement is unenforceable because there was a failure of consideration when the wife chose to litigate financial matters. Appellant’s chief reliance is upon the case of Spencer v. Spencer, Fla.App. 1970, 242 So.2d 786. We think that the reliance is misplaced because of the unusual circumstances of this case.
The appellant and the appellee entered into an antenuptial agreement just before they were married, and an identical agreement was entered into for property settlement immediately after their marriage. One of the provisions of the agreement was that the wife was to be entitled to $50,000 for each year or a portion thereof that she remained married to the husband. A separate provision provided that in the event the wife lived separately from the husband she should receive $300 per week, and this provision precluded claims for attorney’s fees and suit money in event there was a suit for divorce. After living together a few months, the husband and wife separated. The husband paid the $300 for some time but then prior to petitioning for dissolution of marriage he stopped payments. In an attempt to reactivate payments, the wife had her attorney send a letter which threatened an attempt to enforce full financial claims against the husband if the husband did not resume payments.[1] The *428 husband did not resume payments and filed his petition for dissolution of the marriage. Thereafter, the wife answered, and claimed temporary alimony and attorney’s fees. In addition, her answer claimed rights to permanent alimony and, in the alternative, prayed for the enforcement of the property settlement agreement. The trial judge allowed temporary alimony in the $300 amount specified in the agreement for separate maintenance of the wife. He also allowed suit money but disallowed attorney’s fees. The judgment appealed held the property settlement agreement to be enforceable and required the payment of the $50,000 indebtedness evidenced thereby.
It is apparent that the appellant husband initiated the controversy as to the effectiveness of the property settlement agreement by willfully withholding the support in the amount that he had recognized as being due. In addition, the trial judge’s interpretation of the letter written by appellee’s attorney (see footnote #1) as a threat rather than a repudiation is justified under the circumstances and in view of the fact that the wife subsequently brought her prayer for relief in the alternative.
We therefore hold that the rule announced in Spencer, supra, is not applicable to the case at bar because the wife never in fact repudiated the agreement. Her claim for temporary alimony and the court’s order setting the figure at $300 and the trial court’s allowance of suit money are indicative of the fact that the trial court did not find itself bound by the agreement in acting upon relief pending the litigation. See Belcher v. Belcher, Fla. 1972, 271 So.2d 7.
Appellant’s remaining point urges error upon the court’s failure to admit the appellee’s dairy into evidence when offered by the appellant. The diary had no relevance to the financial aspects of this case. The appellant has not assigned error to any other portion of the judgment. Therefore, the point does not present reversible error.
The appellee cross-assigns error upon the failure of the trial judge to allow her attorney’s fees and the court’s failure to require the appellant to make up the defaulted $300 per week payments which he failed to make prior to the effective date of the temporary support order. It is apparent that the trial judge was called upon to weigh the equities in the allowances the appellee claimed. The appellant urged that personal property secured by appellee during the short marriage should be considered, and the court recognized that the wife would receive substantial payment under the terms of the agreement. Under these circumstances, we do not think that it can be said that the trial judge has abused the discretion granted him in such matters. See King v. King, Fla.App.1973, 271 So.2d 159.
Since we find no reversible error under the assignments or the cross-assignments of error, the judgment is affirmed.
Affirmed.

. The content of the letter is as follows:
“Your wife, Hillary T. Broxmeyer, has retained me to represent her in connection with the marital difficulties that you and she have been experiencing. Mrs. Brox-meyer advises that, at your request, you and she are now separated, and that until last week you have been performing your obligations under paragraph 6, of the Ante-Nuptial Agreement executed by you and Hillary on August 24, 1972. This obligation conforms also to the same obligation set *428 forth in paragraph 6 of the Property Settlement Agreement executed on the 24th day of August, 1972. .
“Hillary advises, however, that you have not paid to her the $300.00 due under the above paragraph for the week ending March 31, and that you advised her that you would not make these payments. As her attorney, I hereby demand that you immediately forward to Hillary the sum of $300.00 due her for the week of March 31st together with an additional $300.00 that is now due her for this week ending April 7, in order to comply with your obligations to her. If you do not comply with these obligations, we shall be forced to go to court immediately and we naturally will take the position that since you, yourself, have breached these contracts, we shall ask the court to settle on Hillary as permanent alimony a sum far in excess of that to which you agreed under the Ante-Nuptial settlement.”