292 So.2d 384 (1974)
Eunice ARNOLD, Appellant,
v.
James L. ARNOLD, Appellee.
Nos. 73-429, 73-430.
District Court of Appeal of Florida, Third District.
April 2, 1974.
*385 Richard M. Gale, Miami, for appellant.
David Goldman, Miami, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Each of these appeals is by the former wife from orders entered in a proceeding for dissolution of marriage. Appeal # 73-430 is from an order settling property rights of the parties, custody of the children and providing for a combined support and alimony payment. Appeal # 73-429 is from an order denying a motion to vacate the order just described. An unusual aspect of this case is that the presumed final order recites that it is entered following conferences with counsel for the respective parties and the agreement of counsel to the financial terms of the order.[1] This recitation of the trial judge is in fact the heart of both appeals because the order denying motion to vacate final order was entered pursuant to appellant's motion to vacate which alleged that in fact there had been no agreement by the parties or their attorneys and was supported by affidavit. We reverse the final order and therefore the appeal of the order denying motion to vacate is moot.
At the outset, we are met with the fact that the final order is not supported by this record. Rule 1.030(d), RCP, 30 F.S.A., provides as follows:
"(d) Stipulations. No private agreement or consent between parties or their attorneys shall be of any force unless the *386 evidence thereof is in writing, subscribed by the party or his attorney against whom it is alleged; provided that parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings and agreements made at depositions which are incorporated in the transcript thereof need not be signed when signing thereof is waived."
This record contains no writing subscribed by either party or his attorney and no record was made before the court; the order was entered long after the hearing[2] and the purported agreement was not incorporated in stenographic notes of the proceedings nor does it appear in the transcript of any deposition. Cf. Industrial Supplies, Inc. v. Heredia, Fla.App. 1971, 247 So.2d 510.
Although not necessary for the decision in this case, we feel constrained to point out two additional errors in the order appealed in order to provide against unnecessary appeals. The marital residence of the parties is held as an estate by the entirety. The pleadings do not encompass a prayer for the partition of the property or for equitable claims thereon in order to pay debts accruing during the marriage. Nevertheless, the trial judge provided that the residence should be put into a trust for the use and benefit of the three minor children of the parties and that subsequent thereto a mortgage should be placed thereon to pay off "all of the debts of the parties hereto ...". This procedure is not authorized by any statute or rule of law. See Coscia v. Coscia, Fla.App. 1972, 262 So.2d 254; Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481. While the final order apparently anticipated that the home would be retained as a home for the wife and children, it failed to provide for the payment of any existing mortgage or the mortgage which it anticipated would be placed on the property. Under the circumstances of this case, such a provision will be necessary for the disposition of the property rights of the parties upon the dissolution of marriage. Secondly, the provision of $112.50 per week as support and alimony for a wife and three children aged 2, 3, and 5 years, to be paid by a former husband and father who has a gross income of some $70,000 per year, appears to be totally inadequate. Alimony, if allowed, and support, when properly provided, must be in accord with the needs of the party receiving the alimony or support and must be measured against the standard of living maintained during the marriage and the needs after the dissolution. See Dash v. Dash, Fla.App. 1973, 284 So.2d 407; Christianson v. Christianson, Fla.App. 1973, 274 So.2d 562; King v. King, Fla.App. 1973, 271 So.2d 159; Sharpe v. Sharpe, Fla. App. 1972, 267 So.2d 665; Royal v. Royal, Fla.App. 1972, 263 So.2d 277; Meltzer v. Meltzer, Fla.App. 1972, 262 So.2d 470.
Accordingly, the final order appealed which is dated the sixth day of December, 1972 and is recorded in the circuit court official record book on the eighth day of December, 1972, is reversed. This cause is remanded to the trial court with directions to take the testimony of the parties and their witnesses and such evidence as shall be offered and to enter a final judgment based thereon. In event the parties shall offer a settlement of their financial matters, the court shall require such settlement to be in writing and signed by the parties. We make this second requirement because of the rule and because of the particular circumstances of this case.
Reversed and remanded.
NOTES
[1] The introductory portion of the order recites as follows:

"THIS CAUSE coming on to be heard before me, one of the Judge's of this Honorable Court, upon the Husband's Motion for Entry of Final Judgment, and after taking testimony and having had conferences with counsel for the respective parties and the parties by and through their respective counsel having agreed as follows and the Court ratifying said Agreement, it is therefore, ...".
[2] The record shows appellee's motion for entry of final judgment filed on October 10th and a renotice of hearing for October 13th. The order appealed was entered on December 6th.