436 So.2d 981 (1983)
Clyde BIRD, Appellant,
v.
Gladys BIRD, Appellee.
No. 82-2133.
District Court of Appeal of Florida, Third District.
August 2, 1983.
Rehearing Denied September 21, 1983.
Maurice Jay Kutner, Miami, for appellant.
Philip J. Coniglio and Jerry Larotonda, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
BASKIN, Judge.
The subject of this appeal is the propriety of the trial court's final order determining custody, support and property distribution entered in proceedings to dissolve the parties' five-year marriage. It appears that the trial court failed to reserve jurisdiction to determine property rights, Covin v. Covin, 403 So.2d 490 (Fla. 3d DCA 1981); Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979); however, the wife maintains that the trial court's order is supported by an oral property settlement agreement made by the parties in open court. Because the record fails to reflect the existence of such an agreement through written stipulation, testimonial transcript or otherwise, the appellate court cannot consider it as a basis for review. Arnold v. Arnold, 292 So.2d 384 (Fla. 3d DCA 1974); Industrial Supplies, Inc. v. Heredia, 247 So.2d 510 (Fla. 3d DCA 1971). Having carefully considered the pleadings, transcripts and other documents contained in the record, we find that the *982 lack of competent and substantial evidence to support the trial court's order constitutes reversible error. See Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA 1981); Storer v. Storer, 353 So.2d 152 (Fla. 3d DCA), cert. denied, 360 So.2d 1250 (Fla. 1978). Finding that the remaining points lack merit, we reverse as to that portion of the order relating to the property located in Ecuador.
Reversed and remanded for further proceedings consistent with this opinion.